CORRIGAN, C.J.
We granted leave to appeal to determine whether the trial court’s denial of defendant’s request to read his preliminary examination transcript during a waiver-of-counsel proceeding violated the requirements of People v Anderson, 398 Mich 361; 247 NW2d 857 (1976), and MCR 6.005(D).[1] The Court of Appeals held that the trial court’s waiver proceeding did not comply with the requirements of Anderson and reversed defendant’s conviction on that basis.[2] We hold that the trial court did not abuse its discretion in denying defendant’s request and that defendant’s waiver of counsel was. unequivocal, knowing, and voluntary. Accordingly, we reverse the Court of Appeals decision and remand for consideration of defendant’s remaining claims.
I. FACTS AND PROCEEDINGS
Defendant was charged with first-degree felony murder,[3] possession of a firearm during the commission of a felony (felony firearm),[4] and armed robbery.[5] The trial court appointed counsel for defendant, but following defendant’s preliminary examination, counsel withdrew because of a breakdown in the attorney-client relationship. The trial court provided defendant with a replacement court-appointed attorney.
*637 During the prosecutor’s case-in-chief, defendant became unhappy with his attorney’s cross-examination of two prosecution witnesses. Defendant informed the court that he wished to represent himself:
I do not wish to adjourn the proceeding, because I know this has been going on all along. But I would like to represent myself, in proper person....
[O]nly if this Court would agree orally, and a written consent, please, that [two prosecution witnesses] may be brought back to court, and allow me to recross-examine [them].
The trial court explained to defendant the risks he faced in defending himself, including defendant’s lack of familiarity with the Michigan rules of criminal procedure. Defendant answered that he understood the risks involved. He stated that he wished to “confront [his accusers] and question them” as was his “right by the United States Constitution.”
The trial court again asked defendant whether he wished to represent himself; again, defendant answered, “Yes, ma’am.” The trial court advised defendant that he would not later be permitted to appeal a conviction on the basis of his own ineffective assistance of counsel. Defendant answered, “Yes I read that.”
The trial court then asked defendant, “Are you making this request knowingly, intelligently, and voluntarily?” Defendant answered, “Yes, ma’am.” The trial court informed defendant that he would not be permitted to disrupt the courtroom, and that if he did, his attorney would be brought back to represent defendant. *638 Defendant answered, “Yes ma’am. I would not disrespect this Court, or do anything that’s unconduct of a gentleman [sic].”
The trial court then advised defendant of the sentence he would face if convicted. Defendant said that he understood. Defendant again stated that he wished to reexamine two excused prosecution witnesses:
The Defendant: Ma’am, is it also on the record, and it will probably be written down, that I will have an opportunity to recross-examine the prosecution’s first two witnesses ....
The Court: No, we’re not bringing in those other witnesses, we’re continuing with the trial. It’s the Court’s opinion that you had proper representation.... You can still have [your court-appointed attorney] if you want, or you can continue and represent yourself, but you are taking serious risks. ... Do you understand that?
Defendant insisted that at his preliminary examination one of the prosecution’s witnesses had testified that he was “only fifty percent sure” that defendant was the perpetrator. Defendant was dissatisfied with his attorney because he did not cross-examine the witness on this alleged testimony. The prosecutor objected to defendant’s characterization of the witness’s testimony:
And there is nothing in that exam transcript [preliminary examination] that indicates that [the witness is] only fifty percent sure. What [defendant’s saying he’s taking out of context. And if [defendant] reads the whole thing, I think he’ll understand why [defendant’s attorney] didn’t elaborate with further questioning of the witness.
Defendant requested time to read the written preliminary examination testimony. The trial court denied defendant’s request:
*639 No. I’m going to ask you one more time. Do you want to represent yourself? Because we’re bringing in the jury.
The Defendant: Your Honor, with all due respect....
The Court: I asked you one question.
The Court-. Answer my question.
The Defendant: Yes, ma’am.
The Court-. All right. Let’s bring in the jury.
The trial court once again informed defendant that if he disrupted the proceedings, his court-appointed attorney would be brought back to represent him. Defendant stated that he understood.
Defendant’s court-appointed attorney remained as standby counsel. He advised defendant throughout the trial, took part in sidebar discussions, helped defendant prepare his closing argument, and argued to the court regarding jury instructions and the form of the verdict.
Defendant was ultimately convicted[6] and appealed by right. In a split decision, the Court of Appeals reversed defendant’s conviction and remanded for a new trial. The majority held that defendant’s waiver of counsel was not unequivocal because defendant might not have elected self-representation had the trial court allowed him to read the preliminary examination transcript. The majority opined:
[The trial court’s] cursory handling of defendant’s request violated defendant’s right to have the proceeding conducted so as to ensure “that he knows what he is doing- and his choice is made with eyes open.” [Slip Op. at 1 (citations omitted).]
*640 The Court of Appeals dissent would have held that the trial court’s denial of defendant’s request to read the preliminary examination transcript occurred after the court had already concluded the waiver of counsel procedure, and related solely to how the trial would proceed from that point forward.
II. STANDARD OF REVIEW
The inquiry regarding waivers of Sixth Amendment rights mirrors the inquiry of whether a defendant has validly waived his Fifth Amendment rights: In each instance, the question is whether the defendant gave a knowing, intelligent, and voluntary waiver. See Patterson v Illinois, 487 US 285, 297-298; 108 S Ct 2389; 101 L Ed 2d 261 (1988) (waiver of Sixth Amendment rights is not more difficult to effectuate than waiver of Fifth Amendment rights).
Accordingly, we adopt the standard of review that has been used for trial court decisions regarding waivers of Fifth Amendment rights, finding it equally applicable to decisions regarding waivers of Sixth Amendment rights:
“Although engaging in a de novo review of the entire record.. . , this Court does not disturb a trial court’s factual findings regarding a knowing and intelligent waiver of [Sixth Amendment] rights ‘unless that ruling is found to be clearly erroneous.’ [People v Burrell, 417 Mich 439, 448; 339 NW2d 403 (1983).] Credibility is crucial in determining a defendant’s level of comprehension, and the trial judge is in the best position to make this assessment.”
Although we review for clear error the trial court’s factual findings regarding a defendant’s knowing and intelligent waiver of [Sixth Amendment] rights,... the meaning of “knowing and intelligent” is a question of law. We review questions of law de novo. [People v Daoud, 462 *641 Mich 621, 629-630; 614 NW2d 152 (2000), quoting People v Cheatham, 453 Mich 1, 30; 551 NW2d 335 (1996).]
Thus, the reviewing court is not free to simply substitute its view for that of the trial court, but must be careful to respect the trial court’s role in determining factual issues and issues of credibility.[7]
III. DISCUSSION AND ANALYSIS
A. THE SIXTH AMENDMENT AND THE RIGHT TO SELF-REPRESENTATION
The Sixth Amendment safeguards the right to counsel at all critical stages of the criminal process for an accused who faces incarceration. Maine v Moulton, 474 US 159, 170; 106 S Ct 477; 88 L Ed 2d 481 (1985). The Sixth Amendment right to counsel is applicable to the states through the Due Process Clause of the Fourteenth Amendment. Gideon v Wainwright, 372 US 335; 83 S Ct 792; 9 L Ed 2d 799 (1963). The United States Supreme Court has stated that courts should “ ‘indulge every reasonable presumption against waiver of fundamental constitutional rights.’ ” Johnson v Zerbst, 304 US 458, 464; 58 S Ct 1019; 82 L Ed 1461 (1938), quoting Aetna Ins Co v Kennedy, 301 US 389, 393; 57 S Ct 809; 81 L Ed 1177 (1937).
The United States Constitution does not, however, force a lawyer upon a defendant; a criminal defendant may choose to waive representation and represent himself. Iowa v Tovar, 541 US_; 124 S Ct 1379, 1387; 158 L Ed 2d 209 (2004). “Waiver of the right to *642 counsel.. . must be a ‘knowing, intelligent ac[t] done with sufficient awareness of the relevant circumstances.’ ” Id. at 1383, quoting Brady v United States, 397 US 742, 748; 90 S Ct 1463; 25 L Ed 2d 747 (1970). A waiver is sufficient if the defendant “knows what he is doing and his choice is made with eyes open.” Adams v United States ex rel McCann, 317 US 269, 279; 63 S Ct 236; 87 L Ed 268 (1942); Godinez v Moran, 509 US 389, 401 n 12; 113 S Ct 2680; 125 L Ed 2d 321 (1993).
B. THE RIGHT TO COUNSEL UNDER MICHIGAN LAW
The right of self-representation under Michigan law is secured by Const 1963, art 1, § 13[8] and by statute, MCL 763.1.[9] In Anderson, supra at 367-368, this Court held that a trial court must make three findings before granting a defendant’s waiver request. First, the waiver request must be unequivocal. Second, the trial court must be satisfied that the waiver is knowingly, intelligently, and voluntarily made. To this end, the trial court should inform the defendant of potential risks. Third, the trial court must be satisfied that the defendant will not disrupt, unduly inconvenience, and burden the court or the administration of court business.
Consistent with Anderson, MCR 6.005(D)(1) governs procedures concerning.a defendant’s waiver of the right to an attorney. It prohibits a court from granting a defendant’s waiver request without first *643 minimum sentence required by law, and the risk involved in self-representation .... [MCR 6.005(D)(1).]
*642 advising the defendant of the charge, the maximum possible prison sentence for the offense, any mandatory
*643 C. APPLICATION
1. DEFENDANT’S WAIVER WAS UNEQUIVOCAL
Initially, defendant conditioned his waiver of the right to counsel on the trial court’s granting of his request to recall for cross-examination two excused witnesses. A defendant who elects to proceed in propria persona after proceedings are underway, however, is not entitled to retry the case. The decision whether to recall a witness is left to the sound discretion of the trial court. MRE 611(a); People v Fedderson, 327 Mich 213, 220; 41 NW2d 527 (1950); Potts v Shepard Marine Constr Co, 151 Mich App 19, 26; 391 NW2d 357 (1986).
In this case, during the waiver of counsel proceeding, the trial court explicitly informed defendant that he would not be permitted to recall any excused witnesses. The court told him, “No, we’re not bringing in those other witnesses, we’re continuing with the trial.” The court had previously and repeatedly asked defendant if he still wished to represent himself given this ruling. Defendant unequivocally answered, “Yes, ma’am.”
We believe the record reflects that the trial court exercised admirable patience in dealing with a defendant who wished to represent himself according to his own rules. The court advised defendant very clearly that he would not be permitted to recall the excused witnesses, regardless of what they had said during their preliminary examination testimony.
The dissent may well be correct that defendant was “listening” without “hearing” what the court was saying. Post at 657. Defendant’s subjective under *644 standing, however, can only be gleaned by reference to what he said on the record. The record shows that after the court ruled that his insistence on being allowed to recall excused witnesses would not be indulged, defendant answered affirmatively that he, nevertheless, wished to invoke his right of self-representation. Defendant’s unrealistic “hopes of introducing evidence” in contravention of the court’s explicit ruling do not render invalid defendant’s unequivocal invocation of his right to self-representation. Post at 658.
The Court of Appeals misread the colloquy between the trial court and defendant. The record reveals that defendant was dissatisfied with the trial court’s ruling that he could not recall an excused witness. Defendant argued with that ruling by claiming his attorney did not adequately cross-examine the excused witness on the basis of the witness’s preliminary examination testimony. Whatever was contained in the preliminary examination transcript, however, was irrelevant at that point because the trial court had already ruled that the witnesses could not be recalled by defendant. The trial court was not required to permit defendant to read transcript testimony when the content was immaterial and the jury was assembled and waiting. Therefore, the Court of Appeals incorrectly held that the trial court erred in refusing to honor defendant’s request to read the preliminary examination transcript. The requirement under Anderson that a defendant unequivocally assert his right to waive counsel was therefore satisfied in this case.
2. DEFENDANT’S WAIVER WAS KNOWING, INTELLIGENT, AND VOLUNTARY
As indicated from the portions of the record quoted above, the trial court methodically complied with the *645 remainder of the requirements of Anderson. Defendant was fully apprised of the risks he faced by choosing to represent himself and he knowingly and voluntarily chose to accept them. He may not now be heard to complain about his choice. In Adkins, supra at 725, we quoted with approval language ultimately from People v Morton, 175 Mich App 1, 8-9; 437 NW2d 284 (1989), that applies equally here:
“ ‘To permit a defendant in a criminal case to indulge in the charade of insisting on a right to act as his own attorney and then on appeal to use the very permission to defend himself in pro per as a basis for reversal of conviction and a grant of another trial is to make a mockeiy of the criminal justice system and the constitutional rights sought to be protected.’ ”
The trial court determined on the record that defendant’s motion to proceed in propria persona was made knowingly, intelligently, and voluntarily. The trial court complied with the Anderson requirements.
3. MCR 6.005 REQUIREMENTS WERE SATISFIED
Contrary to the dissent, we believe the trial court followed the letter, and not just the spirit, of MCR 6.005(D). The trial court advised defendant of “the charge, the maximum possible prison sentence for the offense, [and] any mandatory minimum sentence required by law”:
The Court: And let me first inform you, then, and I have to do this on the record, what the max—the minimum and maximum sentences are, so that if you are found guilty, you know what’s ahead of you. For the homicide felony murder, the maximum is life. For the armed robbery, the sentence is life or any term of years, unless aggravated assault or serious injury is involved, and then it’s not less than two years. And for the felony firearm, that’s two years, which *646 would be... in addition to, and preceding, before, any term of imprisonment imposed for the felony or attempted felony conviction. Do you understand all that?
The Defendant: Yes, ma’am.
The Court: Mr. Williams, I want you to fully understand that if you are found guilty of homicide felony murder which alleges that you did, while in the perpetration attempted perpetration of a robbery, murder one Jerry Jones, that is a mandatory life sentence. Life is the minimum and life is the maximum. Do you understand that?
The Defendant: Yes, ma’am.
The court further explicitly complied with MCR 6.005(D)(1) by advising defendant of “the risk involved in self-representation”:
The Court: Now, sir, as I mentioned before, there are great risks that you are taking on in representing yourself.
Do you understand that?
The Defendant: Well, your Honor. I know ya’ all could possibly get me smother attorney, but it would be another court-appointed attorney.
The Court: No, that’s not an option. We’re in the middle of trial.
The Defendant: Well, good.
The trial court complied with the requirement of MCR 6.005(D)(2) by providing defendant his court-appointed attorney as an advisor:
The Court: He’s going to be here during the trial so that you can ask him any questions and he can give you any counsel that you might need.
The Defendant: Thank you, your Honor.
The record reflects that the trial court conscientiously complied with every requirement of MCR 6.005(D), exceeding the “substantial compliance” re *647 quired under Adkins, supra at 706. We do not agree with the dissent that 6.005(D) requires that a court “indicate whether it believe[s] defendant’s request [is] contingent on other factors.” Post at 657. The trial court satisfied all of the waiver-of-counsel procedure required under MCR 6.005(D) and did not err in granting defendant’s request to waive counsel and allowing defendant to proceed in propria persona.
IV CONCLUSION
Although defendant appeared to condition his initial waiver of counsel on the trial court’s agreement to allow him to recall and cross-examine two excused witnesses, he subsequently made an intelligent, knowing, and voluntary waiver of his right to counsel after the trial court rejected defendant’s request to recall and cross-examine the witnesses. Defendant is not entitled to a new trial. We reverse the Court of Appeals decision and remand to the Court of Appeals to consider defendant’s remaining claims.
Weaver, Taylor, Young, and Markman, JJ., concurred with Corrigan, C. J.

 468 Mich 945 (2003).

 Unpublished opinion per curiam, issued February 28, 2003 (Docket No. 232827).

 MCL 750.316(l)(b).

 MCL 750.227b.

 MCL 750.529.

 The trial court vacated defendant’s conviction for armed robbery on a double jeopardy ground.

 To clarify, to the extent that People v Adkins (After Remand), 452 Mich 702, 721 n 16; 551 NW2d 108 (1996), can he read to say that trial court decisions regarding Sixth Amendment waivers are only reviewed for abuse of discretion, it is erroneous. We believe the correct standard is that set forth above.

 “A suitor in any court of this state has the right to prosecute or defend his suit, either in his own proper person or by an attorney.”

 “On the trial of every indictment or other criminal accusation, the party accused shall be allowed to be heard by counsel and may defend himself, and he shall have a right to produce witnesses and proofs in his favor, and meet the witnesses who are produced against him face to face.”