688 N.W.2d 285 (2004)
PEOPLE of the State of Michigan, Plaintiff-Appellant,
v.
Nathan MONTAGUE, Defendant-Appellee.
Docket No. 123851. COA No. 232314.
Supreme Court of Michigan.
October 29, 2004.
By order of July 28, 2003, the application for leave to appeal was held in abeyance pending the decision in People v. Phillips. On order of the Court, the opinion having been issued on July 15, 2004, 470 Mich. 894, 683 N.W.2d 597 (2004), the application is again considered, and it is DENIED, because we are not persuaded that the questions presented should be reviewed by this Court.
CORRIGAN, C.J., dissents and states as follows:
I respectfully dissent from the order denying leave to appeal. I would remand this case to the Court of Appeals to consider whether People v. Cornell, 466 Mich. 335, 646 N.W.2d 127 (2002), should apply retroactively to this case, in light of People v. Phillips, 470 Mich. 894, 683 N.W.2d 597 (2004).
In Phillips, this Court reaffirmed the limited retroactive effect of Cornell to cases pending on appeal when Cornell was decided: "The Court's decision in People v. Cornell, 466 Mich. 335, 367, 646 N.W.2d 127 (2002), applies only to cases pending on appeal in which the issue has been raised and preserved, and to cases arising after Cornell."
*286 In this case, defendant was charged with second-degree murder, MCL 750.317. The trial court instructed the jury on the lesser-included, cognate offense of assault with intent to commit great bodily harm less than murder, MCL 750.84.[1] The jury convicted defendant of the lesser offense. The Court of Appeals applied Cornell retroactively to reverse defendant's conviction, in light of the holding in Cornell that instructions on cognate, lesser-included offenses are not permissible. The Court of Appeals failed, however, to address retroactivity principles or to explain why its retroactive application of Cornell was appropriate.
The prosecutor argues that Cornell should not apply retroactively because defendant failed to adequately preserve and raise the Cornell issue. Defense counsel objected to the instruction in the trial court. The bases for the objection were that defendant lacked adequate notice of the lesser offense and that the elements for the offenses differed. In the Court of Appeals, defendant filed his brief before Cornell was decided and argued that insufficient evidence existed to warrant the instruction on the cognate offense.
The prosecutor argues: "Defendant never objected to or argued in the trial court or the court of appeals that their [sic] instruction was improper as a cognate lesser-included offense, nor was a post People v. Cornell, 466 Mich. 335, 646 N.W.2d 127 (2002) supplemental brief filed." Rather, a Court of Appeals judge raised the Cornell issue sua sponte at oral argument. The Court of Appeals then reversed the conviction, but failed to address whether defendant had adequately preserved and raised the Cornell issue to warrant retroactive application.
I believe it is a close question whether defendant preserved the Cornell issue with sufficient precision to warrant retroactive application. Defendant did not argue at trial that cognate offense instructions are never appropriate, and thus did not advance an argument that tracks our holding in Cornell. Defendant did, however, object on grounds that underlie some of the concerns that gave rise to the holding in Cornell. Thus, a reasonable argument may be available that he preserved the issue.
But even if defendant preserved the Cornell issue, I am less confident that he adequately raised that issue in the Court of Appeals. His argument on appeal was merely that the evidence at trial was insufficient to warrant the cognate offense instruction. That argument is further removed from the rationale underlying Cornell than the objection at trial. A mere challenge to the sufficiency of the proofs does not seem to amount to an argument against cognate offense instructions in general. Therefore, while the issue may arguably have been preserved, it may not have been adequately raised in the Court of Appeals to warrant retroactive application of Cornell.
For these reasons, further review in the Court of Appeals is appropriate. The Court of Appeals reversed defendant's conviction on the basis of an issue that a judge, not defendant, had raised during oral argument. I would therefore remand this case to the Court of Appeals for reconsideration *287 and direct it to address whether defendant adequately preserved and raised the Cornell issue to warrant retroactive application of that decision.
NOTES
[1] The prosecutor argues that assault with intent to do great bodily harm less than murder is, in truth, a necessarily lesser-included offense of second-degree murder, rather than a mere cognate offense, contrary to People v. Bailey, 451 Mich. 657, 549 N.W.2d 325 (1996). I express no view on that issue because I instead advocate a remand to the Court of Appeals on the separate question whether Cornell applies retroactively to this case.