# Order

**Michigan Supreme Court**
**Lansing, Michigan**

Robert P. Young, Jr.,
Chief Justice

Stephen J. Markman
Mary Beth Kelly
Brian K. Zahra
Bridget M. McCormack
David F. Viviano
Richard H. Bernstein,
Justices

April 10, 2015

150813-4

PEOPLE OF THE STATE OF MICHIGAN,
        Plaintiff-Appellant,

v

ELIAS GONZALEZ-RAYMUNDO,
        Defendant-Appellee.

SC: 150813-4
COA: 316744; 319718
Wayne CC: 12-009127-FH

_____/

On order of the Court, the application for leave to appeal the November 18, 2014 judgment of the Court of Appeals is considered, and it is DENIED, because we are not persuaded that the question presented should be reviewed by this Court.

YOUNG, C.J., would grant leave to appeal.

MARKMAN, J. (*dissenting*).

I respectfully dissent from this Court's order denying leave to appeal and would instead grant leave to assess whether defendant, a non-English-language speaker, is entitled to a new trial because his *counsel* and not *defendant* waived his right to a simultaneous translation. Defendant was provided an interpreter by the trial court, but on the first day of trial, his counsel stated on the record that

> I want to avoid the chance of any prejudice, so we'd like to preserve the right to waive the interpreter during the course of the proceedings and explain things to the defendant on break. And you can hear straight from the defendant's mouth if you like, Your Honor, that this is indeed our wish.

The trial court assented, and consequently defendant received the assistance of an interpreter throughout trial, but the interpreter did not provide simultaneous translation. Defendant was convicted of four counts of third-degree criminal sexual conduct.

At a *Ginther*[1] hearing, defense counsel testified that "[a]ll I know is that this was the strategy I recommended to [defendant] and he went along with it to the point that I don't recall him making any objection." Defendant did not testify at the hearing. Nonetheless, the trial court granted defendant a new trial because he did not personally waive his right to simultaneous translation, and the Court of Appeals affirmed. *People v Gonzalez-Raymundo*, 308 Mich App ___ (2014) (Docket Nos. 316744 and 319718).

---

[1] *People v Ginther*, 390 Mich 436 (1973).

" '[W]aiver is the "intentional relinquishment or abandonment of a known right." ' " *People v Carines*, 460 Mich 750, 762 n 7 (1999), quoting *United States v Olano*, 507 US 725, 733 (1993). "While the defendant must personally make an informed waiver for certain fundamental rights such as the right to counsel or the right to plead not guilty, for other rights, waiver may be effected by action of counsel." *People v Carter*, 462 Mich 206, 218 (2000). For the following reasons, I question whether the lower courts correctly ruled that a new trial is warranted under the present circumstances.

First, neither the right to an interpreter nor the right to simultaneous translation have yet been deemed to be constitutional rights by either this Court or by the United States Supreme Court, much less to constitute extraordinary "structural" constitutional rights. Accordingly, when a rule of automatic reversal for failure to obtain the defendant's personal waiver has only been applied to violations of "a narrow class of foundational constitutional rights" such as the right to counsel and the right to plead not guilty, *People v Vaughn*, 491 Mich 642, 655-657 (2012), what is the rationale for imposing such an unyielding rule in the present context?

Second, the right to an interpreter and the right to simultaneous translation are fundamentally distinct. Once the trial court has appointed an interpreter to assist the defense, the specific *use* of the interpreter-- whether to provide simultaneous translation or otherwise-- would seem to be a matter of trial strategy that does not require that the defendant's personal assent be given to the court. That is, as numerous courts have recognized, the trial court satisfies its obligation, imposed by court rule and statute in Michigan, by appointing an interpreter to assist the defense, and the particular use to which the interpreter is put at trial is determined by counsel's judgment. See *Markiewicz v State*, 109 Neb 514, 520-521 (1922) ("The defendant and his attorney were furnished the means by which the defendant could be fully apprised with knowledge of the proceedings and the course of the testimony, and it was for them to determine how far they should avail themselves of the services of the interpreter furnished."); *Suarez v State*, 481 So 2d 1201, 1204 (Fla, 1985) (citing *Markiewicz*); *State v Casipe*, 5 Hawaii App 210, 216 (1984) (citing same). See also *People v Alvarez*, 14 Cal 4th 155, 209 (1996) ("We cannot conclude . . . that the superior court denied defendant any right he had to the assistance of an interpreter. It made an interpreter available to assist him throughout the proceedings."). Respectfully, the lower courts have taken no cognizance of this distinction.

Third, although new MCR 1.111 was not in effect at the time pertinent to this case, the Court of Appeals' decision will impose duties on trial courts significantly beyond those required by that court rule, which provides, in relevant part:

(B) Appointment of a Foreign Language Interpreter.

(1) If a person requests a foreign language interpreter and the court determines such services are necessary for the person to meaningfully participate in the case or court proceeding, or on the court's own determination that foreign language interpreter services are necessary for a person to meaningfully participate in the case or court proceeding, the court shall appoint a foreign language interpreter for that person if the person is a witness testifying in a civil or criminal case or court proceeding or is a party.

\* \* \*

(C) Waiver of Appointment of Foreign Language Interpreter. A person may waive the right to a foreign language interpreter established under subrule (B)(1) unless the court determines that the interpreter is required for the protection of the person's rights and the integrity of the case or court proceeding. The court must find on the record that a person's waiver of an interpreter is knowing and voluntary. When accepting the person's waiver, the court may use a foreign language interpreter.

Under the Court of Appeals' decision, a trial court must now not only appoint an interpreter when required to do so by court rule, but it must also monitor the use of the interpreter by the defense during trial to ensure that the defendant either receives simultaneous translation or else personally waives his or her right to do so. Neither of these requirements can be found in MCR 1.111, which already stands as an exceedingly broad rule. In my view, a trial court's compliance with MCR 1.111 is sufficient to protect the rights of a defendant needing interpreter assistance. Cf. *People v Williams*, 470 Mich 634, 646-647 (2004) ("The record reflects that the trial court conscientiously complied with *every* requirement of MCR 6.005(D) . . . . The trial court satisfied all of the waiver-of-counsel procedure required under MCR 6.005(D) and did not err in granting defendant's request to waive counsel . . . .").

Finally, the record fails to support a conclusion that a new trial is necessary. Defense counsel's *Ginther* hearing testimony does not suggest that defendant opposed waiving his right to simultaneous translation or that defendant was inclined to, or *would*

*have*, exercised his right to simultaneous translation at the original trial had he been directly questioned.  Given this absence, it is not clear to me why defendant should now be granted a second trial, the only apparent rationale for which is to afford defendant a second (or third) opportunity to assert what may be nothing more than a non-right to a personal waiver.

Accordingly, I would grant leave to appeal to assess whether defense counsel's waiver of the right to simultaneous translation on behalf of his client should be accorded respect by this Court.



I, Larry S. Royster, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

April 10, 2015



d0407

Clerk