# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

JEFFERY JOE SHAW,

        Defendant-Appellant.

UNPUBLISHED
September 24, 2015

No. 319914
Gratiot Circuit Court
LC No. 12-006627-FH

Before: RONAYNE KRAUSE, P.J., and MURPHY and SERVITTO, JJ.

PER CURIAM.

Defendant appeals as of right from his jury trial conviction of one count of arson of real property, MCL 750.73. Defendant was sentenced as a habitual offender, fourth offense, MCL 769.12, to 10 to 30 years in prison. Because defendant was denied his right to self-representation, we reverse defendant's conviction and remand for a new trial.

The right of self-representation under Michigan law is secured by Const 1963, art 1, § 13 and by statute, MCL 763.1. *People v Williams*, 470 Mich 634, 642-643; 683 NW2d 597 (2004). This right may be waived, however. The United States Supreme Court has stated that courts should " 'indulge every reasonable presumption against waiver' of fundamental constitutional rights." *Johnson v Zerbst*, 304 US 458, 464; 58 S Ct 1019; 82 L Ed 1461 (1938), quoting *Aetna Ins Co v Kennedy*, 301 US 389, 393; 57 S Ct 809; 81 L Ed 1177 (1937). "Waiver of the right to counsel . . . must be a knowing, intelligent ac[t] done with sufficient awareness of the relevant circumstances." *Williams*, 470 Mich at 641-642 (internal citation and quotation marks omitted). A waiver is sufficient if the defendant "knows what he is doing and his choice is made with eyes open." *Godinez v Moran*, 509 US 389, 401 n 12; 113 S Ct 2680; 125 L Ed 2d 321 (1993).

*People v Russell*, 471 Mich 182, 190-191; 684 NW2d 745 (2004), summarized the standard for self-representation as first adopted in *People v Anderson*, 398 Mich 361; 247 NW2d 857 (1976), as follows:

> Upon a defendant's initial request to proceed pro se, a court must determine that (1) the defendant's request is unequivocal, (2) the defendant is asserting his right knowingly, intelligently, and voluntarily through a colloquy advising the defendant of the dangers and disadvantages of self-representation, and (3) the defendant's self-representation will not disrupt, unduly inconvenience, and burden the court and the administration of the court's business.

-1-

In addition, a trial court must satisfy the requirements of MCR 6.005(D), which provides in pertinent part as follows:

> The court may not permit the defendant to make an initial waiver of the right to be represented by a lawyer without first
>
> (1) advising the defendant of the charge, the maximum possible prison sentence for the offense, any mandatory minimum sentence required by law, and the risk involved in self-representation, and
>
> (2) offering the defendant the opportunity to consult with a retained lawyer or, if the defendant is indigent, the opportunity to consult with an appointed lawyer.

The court must substantially rather than strictly comply with the above requirements when faced with a self-representation request. *Russell*, 471 Mich at 191.

In the present case, defendant repeatedly and unequivocally requested self-representation in this case beginning at the preliminary examination stage and continuing throughout his sentencing, thereby satisfy the first of the *Anderson* requirements. At the December 21, 2012, hearing on defendant's motion to represent himself/defense counsel's motion to withdraw, defense counsel advised the trial court that defendant had told him from the beginning that he did not want counsel to represent him. He also advised the trial court that defendant was currently representing himself in another case and that counsel believed defendant had considerable experience in researching the law. The prosecutor responded that he did not care what the trial court did and that if it made the determination that defendant was able to represent himself, he thought that was defendant's right. The trial court asked defendant why he should be allowed to represent himself in this case where he was potentially facing life imprisonment and defendant stated that it was his Sixth Amendment right to do so, citing *Faretta v California*, 422 US 806; 95 S Ct 2525; 45 L Ed 2d 562 (1975), wherein the United States Supreme Court recognized a defendant's Sixth Amendment right to conduct his own defense. The trial court asked defendant if he knew the court rules, to which he replied that he did, and defendant detailed several prior occasions in which he had successfully represented himself. The trial court elicited that defendant had represented himself before a jury on one occasion, but that the charge was a misdemeanor charge. When defendant indicated that he had several motions he wanted to present, the trial court stated that it did not hear motions without them having first been filed, in advance, in writing. The trial court's colloquy with defendant illustrated the trial court's concern that defendant was facing a far higher sentence than he had in any other case where he had represented himself and that knowledge of the court rules was necessary. This could conceivably be construed as substantial compliance with the second of the *Anderson* requirements.

The trial court did not find that defendant's self-representation would disrupt, unduly inconvenience, or burden the court and the administration of the court's business. Given defendant's statements concerning his prior experience with self-representation and his recitation of a relevant case, the inverse finding appears to be true, although not explicitly stated. Such a finding can be inferred by the fact that the trial court allowed counsel to withdraw. The trial court thereafter appointed substitute counsel to act as defendant's advisor, indicating that counsel

would be available to offer his counsel and advice "as [defendant] may need it. And, in the event we find that we are at any point over our heads, given the fact that you are potentially facing life in prison for a conviction here, then I reserve the right to invoke my judicial discretion and to give him the reins." Thus, it can be inferred that the third *Anderson* requirement was met.

All three *Anderson* requirements having been met, defendant asserted his right to self-representation and waived his right to counsel. He, therefore, should have been permitted to represent himself. And, he supposedly was representing himself—with limitation. As previously indicated, defendant was appointed substitute counsel to act in an advisory capacity despite defendant's insistence that it was unwanted and unnecessary. Moreover, the trial court directed defendant to consult with substitute counsel before he filed any matters and further required that defendant provide a proof of service with any filing indicating and affirming that he had substitute counsel review the same. Defendant's position in representing himself was thus severely restricted prior to trial.

The appointment of advisory counsel at this stage violated defendant's right to self-representation. As indicated in MCR 6.005(D)(2), the trial court is not to permit a defendant to waive the right to counsel without first *offering* the defendant an opportunity to consult with counsel. "Offer" means "to present for acceptance or rejection." *The American Heritage Dictionary of the English Language* (4th ed). Defendant was not given the option of accepting or rejecting advisory counsel. Rather, counsel was foisted upon him. Moreover, where a defendant is required to essentially seek permission from advisory counsel before he can file motions on his own behalf, his true ability to represent and control his own defense is questionable at best.

In considering a defendant's right to present his own defense, as guaranteed by *Faretta*, 422 US 806, the United States Supreme Court held that:

> A defendant's Sixth Amendment rights are not violated when a trial judge appoints standby counsel—even over the defendant's objection—to relieve the judge of the need to explain and enforce basic rules of courtroom protocol or to assist the defendant in overcoming routine obstacles that stand in the way of the defendant's achievement of his own clearly indicated goals. Participation by counsel to steer a defendant through the basic procedures of trial is permissible even in the unlikely event that it somewhat undermines the *pro se* defendant's appearance of control over his own defense. [*McKaskle v Wiggins*, 465 US 168, 184; 104 S Ct 944, 954; 79 L Ed 2d 122 (1984).]

However, in *Wiggins*, the Court indicated that a significant part of the defendant's stand-by counsel's participation involved basic mechanics such as informing the courts of witnesses' locations, providing the defendant with relevant forms, and explaining to Wiggins not to argue his case while questioning witnesses. *Id.* The *Wiggins* Court concluded that *Faretta* rights are not violated when stand-by counsel assists a pro se defendant with routine procedural or evidentiary issues or helps ensure defendant's compliance with basic rules of courtroom protocol or procedure. *Id.* at 183.

In this case, from the outset, defendant was required to present any filing to advisory counsel and receive a sign-off of sorts before the trial court would accept it for filing. Defendant was still required to file the documents himself, but apparently only after advisory counsel had first deemed them acceptable. There is no indication that advisory counsel was to ensure defendant's compliance with courtroom protocol or procedure. Instead, it appears that advisory counsel was to review the substance of the filings, which removes defendant's power of self-representation and autonomy in making decisions for his defense.

The deprivation of defendant's right to represent himself continued with the trial court wholly denying/revoking defendant's right to self-representation at a hearing on several of defendant's pre-trial motions held on March 11, 2013. Defendant moved for compensation of his investigators and experts, to quash the information, and for discovery.[1] After the presentation of his motions[2], the prosecutor stated that defendant had a "basic misunderstanding" and if the trial court did not relieve defendant of his self-representation they were "going to be here on frivolous motions like this probably now until the date of trial." The trial court agreed and directed that advisory counsel was to step up and act as full counsel stating:

> [I]n this instance, in light of the motion to quash as well as the request previously made which the Court denied as it related to depositions, the Court does find that there is a basic misunderstanding by the defendant of the nuances of the law that he is charged with and the procedures and rules that apply in the context of these proceedings. And the Court does find that his inability to understand and apply those laws compromise the defendant and his liberty and that, therefore, given the—the gravity of this situation, the defendant's inability to adequately represent himself leads the Court to conclude it is appropriate to, at this juncture, revisit the issue of self-representation.

From that point forward, the trial court dealt with defense counsel, rather than directly with defendant.

"The right of self-representation is not a license to abuse the dignity of the courtroom. Neither is it a license not to comply with relevant rules of procedural and substantive law."

---

[1] Defendant's motion for discovery contained a series of requests, a couple of which the prosecutor agreed to provide, many of which the prosecutor argued were irrelevant, and only a few of which were requests for depositions which were not, as indicated by the trial court, permissible in criminal matters. The one impermissible item among many does not represent a wholesale misunderstanding of the nuances of the law, could hardly be seen as a burden on the court, and bears no effect on defendant's knowing and effective waiver of counsel. That defendant's motion to quash was based upon an alleged overcharge and fabricated evidence also bears no effect on defendant's knowing and effective waiver of counsel.

[2] According to the record, defendant submitted the motions to his advisory counsel prior to filing, but counsel did not reply.

*Faretta*, 422 US at 834 n 46. However, a defendant's technical legal knowledge is not relevant to an assessment of his knowing exercise of the right to defend himself. *Id*. at 836.

In *People v Brooks*, 293 Mich App 525; 809 NW2d 644 (2011), vacated in part on other grounds 490 Mich 993 (2012), the defendant asserted his right to represent himself at his circuit court arraignment and several times thereafter. The circuit court denied his request and, at the final pretrial conference when the defendant again attempted to invoke his right, stated, "[T]here are certain requirements that he needs to demonstrate to the court and he has not done so, including familiarity with the court rules, the rules of procedure, the rules of criminal procedure specifically, the rules of evidence as well as familiarity with the substantive law." *Id*. at 531. The defendant continued to unsuccessfully attempt to invoke his right to self-representation and eventually entered a nolo contendere plea. *Id*. at 533-534. This Court found that the trial court failed to meaningfully assess the validity of the defendant's waiver of counsel or substantially comply with MCR 6.005(D) and impermissibly relied on the defendant's lack of legal ability as a ground for denying his request for self-representation. *Id*. at 539. Citing to *Faretta*, 422 US at 836, and *Anderson*, 398 Mich at 368, the *Brooks* Court noted that in determining whether a defendant knowingly exercised the right to self-representation, a trial court is to make no assessment of a defendant's legal skills or technical knowledge. *Brooks*, 293 Mich App at 539-540.

Similar to *Brooks*, the trial court here denied/revoked defendant's right to self-representation based upon its determination that he did not have the technical skills or knowledge to properly defend himself. As indicated in *Faretta*, self-representation is a constitutionally protected right subject to waiver by a defendant, and *Anderson*, sets forth the only pertinent inquiries to be made in determining whether a defendant's waiver of that right was knowingly and voluntarily made. Where, as here, defendant made an unequivocal, knowing, intelligent request for self-representation and there is nothing in the record to demonstrate that defendant would disrupt, unduly inconvenience or burden the trial court, and the trial court made no finding that defendant would do so, the trial court erroneously denied defendant's right to self-representation.

An erroneous denial of the right to self-representation is a structural error requiring reversal. *United States v Gonzalez-Lopez*, 548 US 140, 148-149; 126 S Ct 2557; 165 L Ed 2d 409 (2006); *Brooks*, 293 Mich App at 535-536. Because structural error occurred in this case, defendant's conviction must be reversed, and he must be given a new trial.

Reversed and remanded for a new trial. We do not retain jurisdiction.

/s/ William B. Murphy
/s/ Deborah A. Servitto