# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

BRAD STEVEN DEJONG,

Defendant-Appellant.

UNPUBLISHED
February 20, 2018

No. 332365
Kent Circuit Court
LC No. 15-007596-FH

Before: MURPHY, P.J., and O'CONNELL and K. F. KELLY, JJ.

PER CURIAM.

Defendant, Brad Steven DeJong, appeals as of right his convictions for operating a laboratory involving methamphetamine, MCL 333.7401c, and possession of methamphetamine, MCL 333.7403. DeJong argues that the trial court failed to comply with the requirements for ensuring that his waiver of the right to counsel was unequivocal, knowing, and voluntary. We agree. Therefore, we vacate DeJong's convictions and remand this case to the trial court for further proceedings.[1]

We review de novo whether a defendant validly waived his Sixth Amendment right to counsel. *People v Williams*, 470 Mich 634, 640; 683 NW2d 597 (2004). This Court will not disturb a trial court's factual findings, including credibility determinations, regarding whether the waiver was knowing and intelligent unless that ruling is clearly erroneous. *Id*.

A criminal defendant has the right to represent himself. Const 1963, art 1, § 13; MCL 763.1. To exercise that right, the defendant must waive his corresponding Sixth Amendment right to counsel. *People v Dennany*, 445 Mich 412, 427-428; 519 NW2d 128 (1994). Our Supreme Court imposed three requirements on a defendant's request to represent himself:

First, the request must be unequivocal. . . .

---

[1] Because we vacate DeJong's convictions and remand for a new trial, we need not reach the remaining issues DeJong raised on appeal.

Second, once the defendant has unequivocally declared his desire to proceed pro se the trial court must determine whether defendant is asserting his right knowingly, intelligently and voluntarily. The trial court must make the pro se defendant aware of the dangers and disadvantages of self-representation, so that the record will establish that he knows what he is doing and his choice is made with eyes open. Defendant's competence is a pertinent consideration in making this determination. But his competence does not refer to legal skills, for his technical legal knowledge, as such, was not relevant to an assessment of his knowing exercise of the right to defend himself.

The third and final requirement is that the trial judge determine that the defendant's acting as his own counsel will not disrupt, unduly inconvenience and burden the court and the administration of the court's business. [*Id*. at 432 (quotation marks and citations omitted).]

If a trial court fails to comply with these requirements and a defendant proceeds to trial without counsel, the error is structural and requires automatic reversal. *People v Russell*, 471 Mich 182, 194 n 29; 684 NW2d 745 (2004).

This Court has recommended that the trial court advise a defendant of the following to ensure that the defendant's waiver was knowing, intelligent, and voluntary:

(a) That self-representation is almost always unwise and that he may conduct a defense ultimately to his own detriment.

(b) That he is entitled to and will receive no special indulgence by the court, and that he must follow all the technical rules of substantive law, criminal procedure and evidence in the making of motions and objections, the presentation of evidence, voir dire and argument. It should be made crystal clear that the same rules that govern an attorney will govern, control and restrict him—and that he will get no help from the judge. He will have to abide by the same rules that it took years for a lawyer to learn.

(c) That the prosecution will be represented by an experienced professional counsel who, in turn, will give him no quarter because he does not happen to have the same skills and experience as the professional. In other words, from the standpoint of professional skill, training, education, experience, and ability, it will definitely not be a fair fight. . . .

(d) That he is going to receive no more library privileges than those available to any other pro per, that he will receive no extra time for preparation and that he will have no staff of investigators at his beck and call. [*People v Blunt*, 189 Mich App 643, 649-650; 473 NW2d 792 (1991) (quotation marks and citations omitted).]

The Michigan Court Rules impose two additional requirements on a trial court before it may permit a defendant to proceed without representation:

> (1) advis[e] the defendant of the charge, the maximum possible prison sentence for the offense, any mandatory minimum sentence required by law, and the risk involved in self-representation, and

> (2) offer[] the defendant the opportunity to consult with a retained lawyer or, if the defendant is indigent, the opportunity to consult with an appointed lawyer. [MCR 6.005(D)(1) and (2).]

The trial court should conduct a colloquy on the record to assure that the defendant is aware of "the dangers and disadvantages of self-representation . . . ." *Dennany*, 445 Mich at 431.

In this case, the prosecution concedes that the trial court did not adequately ensure that DeJong validly waived his right to counsel. Based on our review of the record, we agree. Although the trial court engaged in a brief colloquy with DeJong about his request to represent himself at trial, the record does not show that DeJong's request was unequivocal. Rather, DeJong stated that he wished to represent himself because he felt his counsel was unprepared for trial and expressed uncertainty about his decision to represent himself. Furthermore, it is not clear from the record that the trial court adequately ensured that DeJong was asserting his right to self-representation knowingly, intelligently, and voluntarily. The trial court advised DeJong of the folly of self-representation and the applicability of the same legal rules that would apply to an attorney, but the trial court did not advise DeJong of other factors described earlier. Because the record does not support a conclusion that DeJong validly waived his Sixth Amendment right to counsel, DeJong is entitled to a new trial.

We vacate DeJong's convictions and remand this case to the trial court for further proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ William B. Murphy
/s/ Peter D. O'Connell
/s/ Kirsten Frank Kelly