# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

JOSHUA ANTHONY SEDGEMAN,

Defendant-Appellant.

UNPUBLISHED
September 11, 2018

Nos. 336996; 336997
Macomb Circuit Court
LC Nos. 2015-003739-FC;
2015-003740-FH

Before: SWARTZLE, P.J., and JANSEN and O'BRIEN, JJ.

PER CURIAM.

In No. 336996, defendant appeals as of right his jury trial convictions of armed robbery, MCL 750.529, conspiracy to commit armed robbery, MCL 750.529; MCL 750.157a, and possession of a firearm during the commission of a felony (felony-firearm), MCL 750.227b. The trial court sentenced defendant, as a fourth offense habitual offender, MCL 769.12, to 25 to 40 years' imprisonment for his armed robbery and conspiracy to commit armed robbery convictions, and two years' imprisonment for his felony-firearm conviction.

In No. 336997, defendant appeals as of right his jury trial conviction of assaulting, resisting, or obstructing a police officer, MCL 750.81d(1). The trial court sentenced defendant, as a fourth offense habitual offender, MCL 769.12, to 365 days in jail, time served, for his assaulting, resisting, or obstructing a police officer conviction. Because Docket No. 336996 and Docket No. 336997 were tried together below, on February 23, 2017, this Court consolidated Docket Nos. 336996 and 336997 for the efficient administration of the appellate process. *People v Sedgeman*, unpublished order of the Court of Appeals, entered February 23, 2017 (Docket Nos. 336996 and 336997).

On appeal, defendant argues that the trial court failed to comply with the requirements for ensuring that his waiver of right to counsel was unequivocal, knowing, and voluntary. Specifically, defendant argues that he is entitled to a new trial because the trial court failed to substantially comply with *People v Anderson*, 398 Mich 361, 367-368; 247 NW2d 857 (1976),

-1-

and MCR 6.005(D). We agree. Therefore, we vacate defendant's convictions and sentences and remand this case to the trial court for a new trial.[1]

Defendant did not raise these arguments below. Rather, defendant asserted that he would be "forced" to represent himself at trial. Therefore, these arguments are unpreserved. *People v Campbell*, 316 Mich App 279, 283; 894 NW2d 72 (2016). Generally, an appellate court reviews "for clear error the trial court's factual findings surrounding a defendant's waiver." *People v Russell*, 471 Mich 182, 187; 684 NW2d 745 (2004). "[T]o the extent that a ruling involves an interpretation of the law or the application of a constitutional standard to uncontested facts, our review is de novo." *Id*. However, because the issue is unpreserved, this Court's review is limited to plain error affecting defendant's substantial rights. *People v Carines*, 460 Mich 750, 763; 597 NW2d 130 (1999). "To avoid forfeiture under the plain error rule, three requirements must be met: 1) error must have occurred, 2) the error was plain, i.e., clear or obvious, 3) and the plain error affected substantial rights." *Id*. In order to show that defendant's substantial rights were affected, there must be "a showing of prejudice, i.e., that the error affected the outcome of the lower court proceedings." *Id*. As such, "[r]eversal is warranted only when the plain, forfeited error resulted in the conviction of an actually innocent defendant or when an error seriously affected the fairness, integrity or public reputation of judicial proceedings independent of the defendant's innocence." *Id*. at 763-764 (quotation marks and brackets omitted).

"The Sixth Amendment safeguards the right to counsel at all critical stages of the criminal process for an accused who faces incarceration." *People v Williams*, 470 Mich 634, 641; 683 NW2d 597 (2004), citing *Maine v Moulton*, 474 US 159, 170; 106 S Ct 477; 88 L Ed 2d 481 (1985). See also U.S. Const., Am. VI. "The Sixth Amendment right to counsel is applicable to the states through the Due Process Clause of the Fourteenth Amendment." *Williams*, 470 Mich at 641, citing *Gideon v Wainwright*, 372 US 335; 83 S Ct 792; 9 L Ed 2d 799 (1963). "The United States Supreme Court has stated that courts should 'indulge every reasonable presumption against waiver of fundamental constitutional rights.' " *Williams*, 470 Mich at 641 (quotation marks omitted). "The United States Constitution does not, however, force a lawyer upon a defendant; a criminal defendant may choose to waive representation and represent himself." *Id*. "Waiver of the right to counsel . . . must be a 'knowing, intelligent act done with sufficient awareness of the relevant circumstances.' " Id. at 641-642 (brackets omitted).

The Sixth and Fourteenth Amendments also protect the right of self-representation in a criminal proceeding. *Faretta v California*, 422 US 806, 818-821; 95 S Ct 2525; 45 L Ed 2d 562 (1975). "The right of self-representation under Michigan law is secured by Const 1963, art 1, § 13 and by statute, MCL 763.1." *Williams*, 470 Mich at 641-642 (footnotes omitted). In *Faretta*, the United States Supreme Court held that "a defendant in a state criminal trial has a constitutional right to proceed without counsel when he voluntarily and intelligently elects to do

---

[1] Because we are remanding this matter to the trial court for a new trial, we need not address the remaining issues raised by defendant on appeal.

so." *Faretta*, 422 US at 835. The constitutionally protected right to counsel may be waived if the waiver is knowing, voluntarily, and intelligent. *Id.* The *Faretta* court further cautioned that

> Although a defendant need not himself have the skill and experience of a lawyer in order [to] competently and intelligently choose self-representation, he should be made aware of the dangers and disadvantages of self-representation, so that the record will establish that he knows what he is doing and his choice is made with eyes wide open. [*Id.* at 835 (quotation marks and citation omitted).]

Similarly, in *Anderson*, our Supreme Court has laid out three requirements that must be met before a trial court allows a criminal defendant to waive his right to counsel, and assert the right of self-representation:

> First, the waiver request must be unequivocal. Second, the trial court must be satisfied that the waiver is knowingly, intelligently, and voluntarily made. To this end, the trial court should inform the defendant of potential risks. Third, the trial court must be satisfied that the defendant will not disrupt, unduly inconvenience, and burden the court or the administration of court business. [*Id.* at 634, citing *Anderson*, 398 Mich at 367-368.]

The overarching requirement is "substantial compliance," such that "a short colloquy with the defendant" regarding the requirements set forth in *Anderson* is all that is required. *Russell*, 471 Mich at 191.

Further, the trial court must satisfy the requirements set forth in MCR 6.005 regarding requests by a criminal defendant to waive his right to counsel and assert the right to self-representation. *People v Adkins (After Remand)*, 452 Mich 702, 722; 551 NW2d 108 (1996), overruled in part on other grounds by *Williams*, 470 Mich at 641 n 7. Defendant specifically challenges the trial court's compliance with MCR 6.005(D), which states:

> (D) Appointment of Waiver of a Lawyer. If the court determines that the defendant is financially unable to retain a lawyer, it must promptly appoint a lawyer and promptly notify the lawyer of the appointment. The court may not permit the defendant to make an initial waiver of the right to be represented by a lawyer without first
>
> > (1) advising the defendant of the charge, the maximum possible prison sentence for the offense, any mandatory minimum sentence required by law, and the risk involved in self-representation, and
> >
> > (2) offering the defendant the opportunity to consult with a retained lawyer or, if the defendant is indigent, the opportunity to consult with an appointed lawyer.

As noted, in *Adkins*, our Supreme Court determined that substantial compliance is the standard by which to evaluate a trial court's decision to grant a defendant's request for self-representation:

-3-

We hold, therefore, that trial courts must substantially comply with the aforementioned substantive requirements set forth in both *Anderson* and MCR 6.005(D). Substantial compliance requires that the court discuss the substance of both *Anderson* and MCR 6.005(D) in a short colloquy with the defendant, and make an express finding that the defendant fully understands, recognizes, and agrees to abide by the waiver of counsel procedures. The nonformalistic nature of a substantial compliance rule affords the protection of a strict compliance rule with far less of the problems associated with requiring courts to engage in a word-for-word litany approach. Further, we believe this standard protects the vital constitutional rights involved while avoiding the unjustified manipulation which can otherwise throw a real but unnecessary burden on the criminal justice system. [*Adkins*, 452 Mich at 726-727 (quotation marks and citation omitted).]

In this case, on the first day of trial, defendant requested the trial court "appoint another counsel," due to a breakdown in the relationship between himself and his appointed counsel. Defendant qualified his request, stating, "[b]ut if I am forced to represent myself, that's what I feel I must do because I am an innocent man." The trial judge responded that he would not replace defense counsel, but that defendant had "every right to represent yourself." The trial judge continued by telling defendant,

> I've never seen a situation where someone in your circumstances representing himself was successful. There are a lot of nuances in representing yourself. And – let me be perfectly blunt with you, Mr. Sedgeman, you think you can – with the tattoos all over your face and your neck, you – you think you can convince the jury that you're a sweet, little mama's boy . . . and you're innocent?

Defendant responded by maintaining his innocence. The trial court then took a recess to allow defendant to talk to family members that were present. Once back on the record, defendant and the trial judge had the following exchange:

> *Trial Judge*. Mr. Sedgeman, is that correct that you intend to represent yourself in this matter?
>
> *Defendant*. I'm being forced my hand. Yes, sir, I asked for another court-appointed counsel, sir.
>
> *Trial Judge*. Well, [defense counsel] is a very experienced and knowledgeable attorney.
>
> *Defendant*. But I told you – told you we were at a –
>
> *Trial Judge*. I can't hear you, sir.
>
> *Defendant*. I put on the record that we were having a conversation and we're not seeing eye-to-eye requiring ineffective [sic] counsel.
>
> *Trial Judge*. I am denying your second attempt to fire counsel on the day of trial.

-4-

*Defendant*. It was forced on trial, sir.

\* \* \*

*Trial Judge*. All right, sir. I'm – I'm – so you are going to represent yourself; is that correct?

*Defendant*. Yes. I'm forced hand, sir.

The trial court went on to give defendant various procedural "hints" regarding representing himself at trial, namely the same legal rules that would apply to an attorney, as well as defendant's right to not testify at trial, the fact that defendant's prior criminal record is inadmissible, and that defendant should refrain from talking over the trial judge.

In this case, it is clear that defendant did not voluntarily waive his right to counsel, rather, he unequivocally stated multiple times on the record that he was being "forced" to represent himself because the trial court would not appoint new counsel. Furthermore, it is clear from our review of the record that the trial court failed to adequately ensure that defendant was asserting his right to self-representation knowingly, intelligently, and voluntarily. Rather, the trial court told defendant that there were many "nuances" to self-representation, and that he would not likely convince the jury that he was a sweet mama's boy and that he was innocent due to his face and neck tattoos. In fact, the trial court committed plain error by completely failing to adequately discuss the substance of *Anderson* and MCR 6.005(D) with defendant.[2] Because the record does not support the conclusion that defendant validly waived his Sixth Amendment right to counsel, defendant is entitled to a new trial.

We vacate defendant's convictions and sentences and remand this case to the trial court for a new trial. We do not retain jurisdiction.

/s/ Brock A. Swartzle
/s/ Kathleen Jansen
/s/ Colleen A. O'Brien

---

[2] We note that although the trial court discussed possible sentences with defendant if convicted, that conversation took place in the context of discussion regarding an agreement pursuant to *People v Cobbs*, 443 Mich 276; 505 NW2d 208 (1993). There was no such discussion regarding defendant's waiver of his Sixth Amendment right to counsel.

-5-