PEOPLE v KIMBER

Docket No. 69306. Submitted November 8, 1983, at Grand Rapids.— Decided March 21, 1984.

Defendant, Harley Kimber, was convicted of obtaining property worth more than $100 by false pretenses following a jury trial in the Allegan Circuit Court. He was sentenced to serve two years probation with 60 days to be spent in the county jail. Defendant had appeared at his preliminary examination in district court and at his arraignment in the circuit court without counsel. On both occasions, defendant was advised that he had the right to retain counsel and, if financially unable to retain counsel, one would be appointed to represent him if requested. On both occasions, defendant expressed his intent to represent himself. The circuit court record, however, fails to show that the trial court, George R. Corsiglia, J., again advised the defendant of his right to counsel immediately prior to the commencement of the trial. Following his conviction, defendant retained counsel and moved for a new trial. A hearing was conducted on the motion at which time the prosecutor who handled the trial testified that the trial judge had advised the defendant in-chambers, after asking the defendant whether he still intended to represent himself, that he would hold him to the same standards as an attorney in his courtroom. However, the prosecutor could not recall if the judge had advised defendant of the right to appointed counsel at that time. The trial court thereafter denied the motion for a new trial, stating that any error committed in respect to the required advice concern-

REFERENCES FOR POINTS IN HEADNOTES

[1] 21A Am Jur 2d, Criminal Law §§ 979, 988 et seq.

Accused's right to counsel under the Federal Constitution—Supreme Court cases. 18 L Ed 2d 1420.

Duty to advise accused as to right to assistance of counsel. 3 ALR2d 1003.

[2] 21A Am Jur 2d, Criminal Law § 993 et seq.

Existence and extent of right to litigant in civil case, or of criminal defendant, to represent himself before state appellate courts. 24 ALR4th 430.

[3, 4] 21A Am Jur 2d, Criminal Law § 988.

ing the waiver of counsel was harmless beyond a reasonable doubt. Defendant appeals. *Held:*

1. The court rule regarding advice on the assistance of counsel must be strictly complied with and does not permit the trial court to correct noncompliance with the rule after the proceeding in issue by making a record which purports to show that the requirements of the rule were satisfied off the record. The rule requires that the record must affirmatively show at each proceeding that this advice was given.          ·

2. The record of the hearing on the motion for a new trial fails to show that defendant was advised of the right to appointed counsel in-chambers before trial.

3. The record fails to show that defendant was informed of the dangers and disadvantages of self-representation as required by Michigan Supreme Court precedent before it can be said that the record establishes that the waiver of counsel was intelligently made. To satisfy the Supreme Court's requirement, something of the special skills and training necessary to effectively handle a criminal defense must be conveyed to the defendant.

4. Defendant did not effecively relinquish his fundamental right to counsel.

5. The ineffective waiver of counsel at trial can never be deemed harmless. In any case, the record demonstrates that the trial court's error in failing to obtain an effective waiver of counsel was not harmless beyond a reasonable doubt.

6. Defendant's claim that the verdict was against the great weight of the evidence is without merit.

Reversed and remanded.

1. CRIMINAL LAW — ATTORNEY AND CLIENT — RIGHT TO COUNSEL — WAIVER OF COUNSEL — COURT RULES.

The court rule which requires that a criminal defendant who is not represented by counsel be advised of his right to counsel at each proceeding must be strictly complied with and does not permit a trial court to correct noncompliance with the rule after the proceeding in issue by making a record which purports to show that the requirements of the rule were satisfied off the record; the record must affirmatively show at each proceeding that this advice was given (GCR 1963, 785.4[3]).

2. CRIMINAL LAW — TRIAL — CONDUCT OF OWN DEFENSE.

In a criminal case in which the accused wishes to conduct his own defense, the trial judge should inform him of the dangers and disadvantages of self-representation and seek affirmatively

to establish on the record that the accused knows what he is doing and that his choice is made with eyes open; the record should show whether the defendant is literate, competent, and understanding of the choice which confronts him and voluntarily exercising his informed free will; to satisfy this requirement, something of the special skills and training necessary to effectively handle a criminal defense must be conveyed to the defendant; it is not sufficient to merely inform the defendant that he will be held to the same standards as an attorney who appears in court.

3. CRIMINAL LAW — ATTORNEY AND CLIENT — WAIVER OF COUNSEL — INEFFECTIVE WAIVER — PRELIMINARY EXAMINATIONS.

An ineffective waiver of counsel at a preliminary examination does not necessarily require reversal but, rather, some prejudice must be shown before reversal will be required.

4. CRIMINAL LAW — ATTORNEY AND CLIENT — WAIVER OF COUNSEL — DENIAL OF CHOSEN COUNSEL — HARMLESS ERROR.

An ineffective waiver of counsel at trial or the denial of chosen counsel at trial can never be deemed harmless error.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *Fred R. Hunter, III,* Prosecuting Attorney, and *Jann Ryan Baugh,* Assistant Attorney General, for the people.

*Roper, Meyers, Knoll & Jouppi* (by *Bradley S. Knoll),* for defendant on appeal.

Before: ALLEN, P.J., and R. M. MAHER and R. H. BELL,* JJ.

PER CURIAM. Following a jury trial in the Allegan County Circuit Court, defendant was convicted of obtaining property worth more than $100 by false pretenses. MCL 750.218; MSA 28.415. Defendant was sentenced to serve two years probation with 60 days to be spent in the county jail. He now appeals as of right.

_____
* Circuit judge, sitting on the Court of Appeals by assignment.

Defendant allegedly obtained close to $4,000 as a settlement for a false claim filed under an insurance policy which he had purchased from Meridian Mutual Insurance Company. Defendant represented himself throughout the criminal proceedings and this is the basis of his meritorious claim on appeal.

On November 25, 1981, in the 57th District Court, defendant waived his right to a preliminary examination on the instant charge. On December 4, 1981, he appeared for the circuit court arraignment without counsel and indicated that he would be proceeding *in propria persona.* On both occasions, defendant was advised that he had the right to retain counsel of his choice and, if financially unable to retain counsel, that an attorney would be appointed to represent him if requested. On both occasions, defendant expressed his intent to represent himself.

The record fails to show that defendant was advised of his right to counsel, immediately prior to the commencement of trial as required by GCR 1963, 785.4(3). Following his conviction, defendant retained counsel and moved for a new trial. A hearing was conducted on this motion at which time the prosecutor who handled this case testified that the judge had asked defendant in-chambers prior to the commencement of trial whether he still intended to represent himself. The prosecutor recalled that the trial judge advised defendant that he would hold him to the same standards as an attorney in his courtroom. The prosecutor could not recall if the judge had advised defendant of the right to appointed counsel at this time. Following the hearing, the trial court denied the motion for a new trial. Its order stated that any error committed in respect to the required advice concerning

waiver of counsel was "harmless beyond a reasonable doubt".

On appeal, defendant and the prosecution agree that the trial court failed to comply with GCR 1963, 785.4(3).[1] The prosecution argues, however, that defendant's conviction should be affirmed because it is clear that defendant knowingly and voluntarily waived his right to counsel. The prosecution relies on the record made at the hearing on defendant's motion for a new trial to show that defendant had been advised in-chambers of his right to counsel immediately before the commencement of the trial. We believe that GCR 1963, 785.4(3) must be strictly complied with and does not permit the trial court to correct noncompliance with the rule after the proceeding in issue by making a record which purports to show that the requirements of the rule were satisfied off the record. Moreover, even if we were to accept this position, the record of the hearing on the motion for a new trial fails to show that defendant was advised of the right to appointed counsel in-chambers before trial. The prosecutor who participated in the in-chambers conference admitted that he

---

[1] GCR 1963, 785.4(3) provides:

"Even though a defendant has waived the assistance of a lawyer, the court shall advise him at each subsequent proceeding (*e.g.*, preliminary examination, arraignment, proceedings leading to possible revocation of youthful trainee status, hearings, trial, or sentencing) of his right to a lawyer at public expense. Before the court proceeds,

"(a) the defendant must reaffirm that he does not want a lawyer's assistance; or

"(b) if he is eligible for and then requests the appointment of a lawyer, the court must appoint one; or

"(c) if he wants to retain a lawyer and has the financial ability to do so, the court must allow him a *reasonable opportunity to retain* a lawyer.

"If the defendant is not represented by a lawyer, the record must affirmatively show at each proceeding that advice on the right to a lawyer at public expense was given and that the defendant waived that right."

could not recall if this advice was given. GCR 1963, 785.4(3) requires, however, that "the record must affirmatively show at each proceeding" that this advice was given.

In addition to the trial court's failure to comply with GCR 1963, 785.4(3) immediately prior to trial, the record also fails to show that defendant was informed of the dangers and disadvantages of self-representation as required by *People v Holcomb,* 395 Mich 326, 336-337; 235 NW2d 343 (1975), and *People v Anderson,* 398 Mich 361, 368; 247 NW2d 857 (1976), before it can be said that the record establishes that the waiver of counsel was intelligently made. Merely informing the *pro se* defendant that he will be held to the same standards as an attorney who appears in court does not sufficiently focus on the dangers and disadvantages of *pro se* representation. To satisfy the requirement of *Holcomb* and *Anderson,* something of the special skills and training necessary to effectively handle a criminal defense must be conveyed to the defendant. Because of the noncompliance with GCR 1963, 785.4(3) and the failure to set forth the disadvantages and dangers of *pro se* representation as required by *Holcomb* and *Anderson,* we are unable to conclude that defendant effectively relinquished his fundamental right to counsel.

Both the Michigan Suprme Court and the United States Supreme Court have held that an ineffective waiver of counsel at a preliminary examination does not necessarily require reversal but, rather, some prejudice must be shown. *Chapman v California,* 386 US 18; 87 S Ct 824; 17 L Ed 2d 705 (1967); *People v Carter,* 412 Mich 214; 313 NW2d 896 (1981). On the other hand, in respect to a denial of chosen counsel at trial, the United States Supreme Court has said: "[t]he right to

have the assistance of counsel is too fundamental and absolute to allow courts to indulge in nice calculations as to the amount of prejudice arising from its denial". *Glasser v United States,* 315 US 60, 76; 62 S Ct 457; 86 L Ed 680 (1942). When counsel is ineffectively waived at trial, we believe that, just as with the denial of chosen counsel, this can never be deemed harmless. In any case, the record here amply demonstrates that the trial court's error in failing to obtain an effective waiver of counsel was not harmless beyond a reasonable doubt. Defendant's opening statement failed to set forth a theory of the case, and defendant made no closing argument. Defendant's cross-examination of the chief prosecution witness was completely ineffective, and the presentation of his own case was exceptionally weak.

Defendant's claim that the verdict was agianst the great weight of the evidence is without merit.

Reversed and remanded.