## PEOPLE v MORTON

Docket No. 100172. Submitted March 17, 1988, at Lansing. Decided February 21, 1989. Leave to appeal applied for.

Michael James Morton was convicted of felonious assault following a jury trial in Oakland Circuit Court, Robert C. Anderson, J. Defendant was represented by retained counsel at preliminary examination and sentencing, but not at trial, where he requested and was allowed by the trial court to appear in propria persona. On appeal, defendant claims reversal of his conviction is warranted because the trial court failed to adequately advise him of the dangers and disadvantages of self-representation.

The Court of Appeals *held:*

A defendant who knowingly exercises his constitutional right to defend himself by discharging his attorney need not be badgered and pressured at every stage of the criminal proceedings to give up the right to defend himself. Here, the trial court clearly warned defendant of the dangers of representing himself, yet it was clear that defendant thought he could do better by defending himself rather than being represented by counsel, and he told the trial judge in the clearest terms, both orally and in writing, that he chose to defend himself.

Affirmed.

G. A. DRAIN, J., dissented and would hold that the trial court in three separate proceedings failed to comply with MCR 6.101(C)(3), which applies where a criminal defendant has waived the assistance of counsel and provides that, at each proceeding subsequent to the waiver, the court must advise the defendant of his right to counsel at public expense, the defendant must reaffirm that he does not want assistance of counsel and, if the defendant is eligible for court-appointed counsel and requests such counsel, one must be appointed, or if defendant wishes to retain an attorney and has the financial ability to do so, the court must allow him a reasonable opportunity to retain

REFERENCES

Am Jur 2d, Criminal Law §§ 993-995.

Accused's right to represent himself in state criminal proceeding—modern state cases. 98 ALR3d 13.

an attorney. Judge DRAIN would further hold that defendant was not adequately advised of the dangers and disadvantages of self-representation and that, therefore, his waiver of counsel was not made knowingly, intelligently and voluntarily. Judge DRAIN would reverse the conviction and remand for a new trial.

CRIMINAL LAW — TRIAL — CONDUCT OF OWN DEFENSE.

A defendant who was represented by retained counsel at preliminary examination and sentencing, but not at trial where he requested and was permitted by the trial court to appear in propria persona, is not entitled to a reversal of his conviction and a new trial where the record shows that the trial court apprised the defendant of the danger of conducting his own defense before the defendant elected to proceed without counsel.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *L. Brooks Patterson,* Prosecuting Attorney, *Robert C. Williams,* Chief, Appellate Division, and *Paul J. Fischer,* Assistant Prosecuting Attorney, for the people.

*Robert E. Slameka,* for defendant.

Before: GRIBBS, P.J., and BEASLEY and G. A. DRAIN,* JJ.

BEASLEY, J. Defendant, Michael James Morton, was convicted by a jury of felonious assault, contrary to MCL 750.82; MSA 28.277. Defendant was sentenced to serve six months in the county jail on work-release status. We accept the statements of fact made in the dissent but affirm defendant's conviction and sentence.

To understand why we believe defendant's due process rights were scrupulously recognized, that he received a fair trial, and that his conviction should be affirmed, careful attention to the record must be given.

* Recorder's Court judge, sitting on the Court of Appeals by assignment.

In the early stages of this case, including the full preliminary examination, defendant was represented by three different retained attorneys,[1] Elbert Hatchett, Norman Davis and Jerome Sabbota. In addition to the preliminary examination, defendant's motions to quash the information, which was denied, and for discovery, which was granted, were heard and decided. In spite of this aggressive defense, on February 10, 1987, defendant, acting in pro per, filed a typewritten "Motion to Discharge Counsel and Proceed in Propria Persona," which provided as follows:

2. That Defendant be allowed to proceed to trial in propria persona based upon the following particulars:

a) Pursuant to *Article I, Sec. (13) of the Michigan Constitution*: "A suitor in any court of this state has the right to prosecute or defend his suit, either in his own proper person or by an attorney". *People v Anderson, 398 Mich 361, 362, 366 [247 NW2d 857] (1976).*

b) Pursuant to *MCLA 763.1; MSA 28.854*: "On the trial of every indictment or other criminal accusation, the party accused shall be allowed to be heard by counsel and may defend himself, and he shall have a right to produce witnesses and proofs in his favor, and meet the witnesses who are produced against him face to face". *U.S. Constitution, 6th Amendment.*

c) Defendant's request to discharge his counsel and represent himself is unequivocal.

d) Defendant asserts his right knowingly, intelligently, and voluntarily.

e) Defendant will not unduly inconvenience and burden the Court and the administration of the Court's business.

---

[1] Defendant's first attorney obtained defendant's release from custody on a $5,000 personal bond, and his third attorney obtained a court order permitting him to leave the state and go to Illinois for four days and also to leave the state and go to Tennessee for seven days.

Accompanying his petition was a notice of hearing and a sworn proof of service.[2] On February 13, 1987, this motion was heard, and the following occurred:

> *Mr. Halushka* [*Assistant Prosecuting Attorney*]: Mr. Sabbota [Defense Counsel] is aware of this motion. He indicated that he would not be here today, but he is aware of this motion. May I approach the bench, Your Honor?
> *The Court:* You may, sir.
> (Short discussion at bench)
> *The Court:* You understand, sir, it's like you may know a little about medicine, but you wouldn't take your own appendix out, I wouldn't think, I don't know. But it is up to you. You do have that right. Do you understand that, sir? To have counsel if you desire? The law also says that if you feel competent, you can represent yourself. There is nothing wrong with that.
> *Mr. Morton:* I do understand my rights. I do feel competent to represent myself.

Defendant, in pro per, prepared an order giving effect to the judge's ruling, obtained the prosecutor's approval of the proposed order and had the same entered.

On February 24, 1987, defendant, in pro per, filed a five-page motion to dismiss the complaint and warrant, quash the information and discharge defendant, accompanied by a notice of hearing and proof of service. On February 25, 1987, defendant filed a further, additional motion to quash information and discharge defendant accompanied by a notice of hearing and proof of service. Both motions contained citations to statutes and cases. At a hearing on these motions on March 4, 1987, the following occurred:

---

[2] These papers were stamped "Ludot Personnel Services, Inc.," etc., the letterhead of which indicates defendant is vice president.

*The Court:* Sir, let me ask you. You're talking about indictments and so on in this. Where did you come up with some of this information, sir?

*Mr. Morton:* From the Wayne State Law Library.

*The Court:* Are you a law student or what?

*Mr. Morton:* No, I'm not.

*The Court:* Sir, the other day I indicated that, you said you did not want an attorney, you wanted to represent yourself. Do you feel comfortable doing that, sir?

*Mr. Morton:* Correct. I did have some information prepared that I would like to deliver to you, your Honor.

*The Court:* Like what, sir?

*Mr. Morton:* As it relates . . .

*The Court:* Something more than I have now?

*Mr. Morton:* Yes, sir. Well, to briefly summarize things.

*The Court:* All right. What do you want to say?

*Mr. Morton:* Well, as you are looking at the brief there, the defendant was arrested from his home without a warrant on August 31, 1985. Defendant is challenging the underlying complaint and warrant by virtue of the fact the magistrate erroneously allowed it to be amended in a manner which is contrary to 767.42, that is . . .

On March 18, 1987, defendant filed a motion to demand a speedy trial, by jury, with notice of hearing and proof of service. On April 1, 1987, after trial had commenced, defendant filed a demand for jury trial and listing of defense witnesses. On March 31, 1987, defendant went to trial before a jury. In his opening statement he said:

*Mr. Morton:* Ladies and gentlemen of the jury, my name is Michael J. Morton. I am your defendant. I will be proceeding to trial in my own proper person which is my right pursuant to Article 1, Section 13 of the Michigan Constitution

which states that any citizen may defend a suit, be
it civil or criminal in nature, in any Court in this
State.

While I have no formal legal training, over the
past year and a half, I have spent a significant
amount of time in the Wayne State Law Library
while waiting for this matter to finally come to
trial.

Rather than painting any specific pictures for
you as to the details and events of August 31,
1985, I will simply state that it is the intention of
the defense to show: Number one, that beyond a
reasonable doubt the offense of felonious assault
was not committed by the defendant. Or number
two, that considerably more than reasonable doubt
exists as to whether the defendant committed the
offense of felonious assault.

After the jury found him guilty, defendant re-
tained counsel to represent him at sentencing,
where, as previously indicated, defendant was sen-
tenced to six months in the county jail under a
work-release program. The in pro per acts of de-
fendant indicate a knowledgeable defendant, deter-
mined to conduct his own defense with full knowl-
edge of his rights and alternatives. Defendant
examined his witnesses, carefully reserved his
right to call back the prosecutor's witnesses and
make them his witnesses where desired, and made
a closing argument. At no time during trial did he
give any hint that he had changed his mind from
his on-the-record expressed desire to defend him-
self. Under these circumstances, there was reason
neither to try to force defendant into hiring an-
other attorney, nor to again go over the alterna-
tives to exercising his constitutional right to de-
fend himself. There is no indication here that
defendant was not able to retain and pay for his
own attorney. In fact, defendant has already re-
tained three more attorneys, one of whom repre-

sented him at sentencing and the other two have represented him on appeal, making a total of six retained attorneys who have represented defendant at one time or another in this one case.

We do not believe the court rule, MCR 6.101(C)(3), is intended to be strictly applied, as suggested by the dissent, where a defendant chooses to discharge his attorney and to represent himself. The dissent says the trial court "did not adequately advise the defendant of the dangers and disadvantages of self-representation." The dissent goes on to say that the use by the trial judge of the familiar analogy that defending one's self in a criminal case is analogous to acting as one's doctor and removing one's own appendix does not comply with the court rule. We do not agree. We believe that the analogy is a vivid, striking way to tell a defendant that defending one's self without professional assistance is a dangerous, unwise thing to do. Particularly, we believe that the "after-the-fact" conclusion of the dissent that defendant's defense of himself was ineffective is irrelevant. He had a constitutional right to act as his own attorney, and he knowingly chose to exercise it.[3] It did not work, and he did not avoid the jury verdict of guilty, a verdict, incidentally, that seems a foregone conclusion under the facts of the case.

If the constitution means anything in this regard, a defendant who knowingly exercises his right to defend himself need not be badgered and pressured at every turn to give up his right to defend himself. Should a trial judge appoint counsel for a defendant whether defendant wants counsel or not? We think not. We believe the trial judge should permit a defendant to exercise his

_____

[3] Const 1963, art 1, § 13; *People v Anderson*, 398 Mich 361; 247 NW2d 857 (1976). Also, MCL 763.1; MSA 28.854; US Const, Am VI.

constitutional right to defend himself, as was done here.

Certainly, the test is not whether it is to defendant's advantage to have counsel because, of course, it is to a defendant's advantage to have counsel. The fact that it is a wiser, better choice to employ counsel does not cut across and defeat the constitutional right to defend one's self. Rather, the test is whether defendant has a right to make a knowing choice to defend himself.[4] In this case, it is altogether clear defendant thought he could do better defending himself than being represented by counsel, and he told the judge in the clearest terms, both orally and in writing, that he chose to defend himself. We would not permit him to go back on that decision after having been found guilty and to have another trial.

This case is much like *People v Riley,*[5] where we said:

> We find it inconceivable that defendant did not know what he was doing. If anything, we believe that defendant knew exactly what he was doing—having the best of both worlds, self-representation and an appellate parachute.

We believe that the record in this case unmistakably shows that defendant understood exactly what he was doing and chose to represent himself while fully aware of his alternatives. To permit a defendant in a criminal case to indulge in the charade of insisting on a right to act as his own attorney and then on appeal to use the very permission to defend himself in pro per as a basis for reversal of a conviction and a grant of another trial is to make a mockery of the criminal justice

---

[4] *Anderson, supra,* pp 370-371.

[5] 156 Mich App 396, 401; 401 NW2d 875 (1986).

system and the constitutional rights sought to be protected. We would not permit it.

The other arguments made by defendant on appeal are without merit. Defendant's conviction is affirmed.

Affirmed.

GRIBBS, P.J., concurred.

G. A. DRAIN, J. *(dissenting).* Defendant Michael James Morton appeals as of right his conviction for felonious assault, MCL 750.82; MSA 28.277. Defendant was convicted by an Oakland Circuit Court jury on April 1, 1987. On April 23, 1987, the court sentenced defendant to six months in the Oakland County Jail on work-release status, and denied defendant bond pending appeal. Defendant was released from jail on September 22, 1987.

One of the issues raised on appeal is whether the trial court complied with MCR 6.101(C)(3), formerly GCR 1963, 785.4(3), in allowing the defendant to waive his constitutional right to the assistance of counsel and proceed in pro per, and whether the trial court adequately advised the defendant of the dangers and disadvantages of self-representation. I would find that the trial court failed to comply with the court rule and did not adequately advise the defendant of the dangers and disadvantages of self-representation.

The court rule in question specifically states:

> Even though a defendant has waived the assistance of an attorney, the court shall advise the defendant at each subsequent proceeding (e.g., preliminary examination, arraignment, proceedings leading to possible revocation of youthful trainee status, hearings, trial, or sentencing) of the right to an attorney at public expense. Before the court proceeds,

(a) the defendant must reaffirm that he or she does not want an attorney's assistance; or

(b) if the defendant is eligible for and then requests the appointment of an attorney, the court must appoint one; or

(c) if the defendant wants to retain an attorney and has the financial ability to do so, the court must allow the defendant a reasonable opportunity to retain an attorney.

*If the defendant is not represented by an attorney, the record must affirmatively show at each proceeding that advice on the right to an attorney at public expense was given and that the defendant waived that right.* [MCR 6.101(3). Emphasis added.]

In three specific sentences, this court rule sets forth three conditions which must be met before a trial judge may allow a defendant to proceed in pro per.

First, at each subsequent proceeding after the defendant has waived the assistance of counsel, the court *must* advise defendant of his right to counsel at public expense.

Second, before going forward at that subsequent proceeding, (a) the defendant must reaffirm that he does not want an attorney's assistance; or (b) if defendant is eligible and requests counsel, the court must appoint one; or (c) if defendant wants to retain an attorney and has the financial ability to do so, the court must allow him a reasonable opportunity to retain an attorney.

Third, and most important, if defendant is not represented by an attorney, the record must affirmatively show at each proceeding that advice on the right to an attorney at public expense was given and that defendant waived that right.

Strict compliance is the standard by which this rule must be applied. When a defendant has

waived the constitutional right to counsel, the record must show that the court advised defendant of his right to counsel at public expense at each subsequent hearing. The rule is specific and mandatory, and substantial compliance will not suffice. *People v Kimber,* 133 Mich App 184; 348 NW2d 60 (1984). Moreover, in *Kimber* the prosecutor tried to correct the record in posttrial proceedings which purported to show compliance with the rule at an in-chambers conference, but the application of strict compliance prevented this effort.

In the instant case the record shows that the following proceedings occurred:

I. *February 3, 1987*—Defendant appeared without counsel at a pretrial hearing where he moved to discharge his retained counsel and proceed in pro per. The following dialogue is on the record:

*Mr. Halushka [Assistant Prosecutor]:* Calling the matter of the People versus Michael Morton, CR 85-71287-FH. This is the date and time set for hearing of defendant's motion to discharge counsel and proceed in pro per. This matter is scheduled for trial in the next trial docket.

*The Court:* Good morning.

*Mr. Morton:* Good morning. How are you?

*The Court:* Sir, fine. Would you state your name, please.

*Mr. Morton:* Michael J. Morton.

*The Court:* Is this the . . .

*Mr. Halushka:* The defen . . .

*Mr. Morton:* The defendant, yes, Your Honor.

*The Court:* And what do you wish to do, sir?

*Mr. Morton:* Where do I work?

*The Court:* No, what is your desire? What are you here for this morning?

*Mr. Morton:* I wish to discharge my counsel and defend myself at trial.

*Mr. Halushka:* And this is set for the next jury term, Your Honor.

*The Court:* What is the nature of the charge?

*Mr. Halushka:* It's Felonious Assault.

*The Court:* You want to be your own lawyer, is that what you are saying, sir?

*Mr. Morton:* That's correct, Your Honor.

*Mr. Halushka:* At the current time, Jerome Sabbota has been retained.

*Mr. Morton:* Agreed.

*The Court:* Is Mr. Sabbota . . .

*Mr. Halushka:* Mr. Sabbota is aware of this motion. He indicated that he would not be here today, but he is aware of the motion. May I approach the bench, Your Honor?

*The Court:* You may, sir.

(Short discussion at bench)

*The Court:* You understand, sir, it's like you may know a little about medicine, but you wouldn't take your own appendix out, I wouldn't think, I don't know. But it is up to you. You do have that right. Do you understand that, sir? To have counsel if you desire? The law also says that if you feel competent, you can represent yourself. There is nothing wrong with that.

*Mr. Morton:* I do understand my rights. I do feel competent to represent myself.

*The Court:* All right, sir. You be here at that time and I will relieve Mr. Sabbota of any further responsibility in the matter, sir.

The appointment of counsel was never mentioned.

II. *March 4, 1987*—A hearing was held on defendant's motion to quash and motion to dismiss the complaint and warrant. The following dialogue is on the record:

*The Court:* Sir, let me ask you. You're talking about indictments and so on in this. Where did you come up with some of this information, sir?

*Mr. Morton:* From the Wayne State Law Library.

*The Court:* Are you a law student or what?

*Mr. Morton:* No, I'm not.

*The Court:* Sir, the other day I indicated that, you said you did not want an attorney, you wanted to represent yourself. Do you feel comfortable about doing that, sir?

*Mr. Morton:* Correct. I did have some information prepared that I would like to deliver to you, Your Honor.

Again, the appointment of counsel was not discussed.

III. *March 25, 1987*—Defendant appears in court on his motion and demand for a speedy trial. The record is completely silent regarding defendant's self-representation. Defendant also informed the trial court, by way of supporting brief, that he was impecunious, and therefore the court should have informed defendant that he was or may have been entitled to legal counsel at public expense.

IV. *March 31, 1987*—Trial begins, and again the record is completely silent as to defendant's right to legal counsel.

The record in this case reveals that the trial judge neglected to comply with MCR 6.101(C)(3) at three separate proceedings, i.e., March 4, March 25, and March 31, 1987. I would find error warranting reversal in the failure to comply with the rule.

In addition to the court rule that must be complied with before a defendant is allowed to proceed in pro per, the developing case law has additional requirements.

Our Supreme Court has held that before a defendant may proceed in pro per, the court must determine three things. First, the request must be unequivocal. *Second, the trial court must determine whether defendant is asserting his right knowingly, intelligently, and voluntarily; the court*

*must make the defendant aware of the disadvantages of self-representation, so that the record establishes that defendant knows what he is doing and chooses with his eyes open.* Third, the court must determine that a defendant's self-representation will not disrupt, unduly inconvenience, or burden the court. *People v Anderson,* 398 Mich 361; 247 NW2d 857 (1976); *People v Holcomb,* 395 Mich 326; 235 NW2d 343 (1975); *People v Riley,* 156 Mich App 396, 398-399; 401 NW2d 875 (1986), lv den 428 Mich 919 (1987).

Defendant argues that he was not adequately advised of the dangers and disadvantages of self-representation.

Most defendants who proceed in pro per do so in ignorance of the value of counsel and through failure to recognize their own inadequacies. At the very least, trial courts must communicate to defendants wishing to proceed in pro per that lawyers and attorneys have special skill and training which is necessary to effectively handle a criminal defense, while lay persons generally do not. *People v Kimber, supra; People v Anderson, supra; People v Holcomb, supra.*

The trial court's warning that self-representation was analogous to performing surgery on oneself does not comply with the requirement that the defendant be advised of the dangers and disadvantages of self-representation. I would therefore hold that defendant's waiver of the right to counsel was not knowing, intelligent and voluntary.

When counsel is ineffectively waived at trial because of a failure to comply with a court rule or any other requirements, it can never be deemed harmless error. *People v Kimber, supra.* In the present case, although the defendant had several attorneys at different stages of the case, at the

most critical and important stage, the trial, he was not represented. Defendant failed to cross-examine witnesses called by the prosecution, failed to properly examine his character witnesses and was not able to effectively call himself as a witness. The totality of defendant's self-representation was ineffective and cannot be deemed harmless beyond a reasonable doubt.

I would reverse and remand for a new trial.