*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
January 26, 2023

Plaintiff-Appellee,

v

No. 360791
Jackson Circuit Court
LC No. 20-002636-FH

FLINT JAMES CONVERSE,

Defendant-Appellant.

Before: PATEL, P.J., and BORRELLO and SHAPIRO, JJ.

PER CURIAM.

Defendant appeals as of right his bench-trial convictions of assault with intent to do great bodily harm less than murder, MCL 750.84, and reckless driving, MCL 257.626. Defendant was sentenced to 36 to 180 months' imprisonment for assault with intent to do great bodily harm less than murder, and 93 days in jail for reckless driving, with 93 days' credit for time served. Defendant waived his right to counsel after he was bound over to the trial court. On appeal, defendant argues that his trial was constitutionally deficient because during his waiver of counsel, the trial court did not follow the requisite procedure to ensure defendant knowingly, intelligently, and voluntarily waived his right to counsel. The prosecution agrees that the trial court erred, but contends that defendant is not entitled to relief because the error did not ultimately affect the fairness, integrity, or public reputation of the proceeding. For the reasons set forth in this opinion, we vacate and remand for a new trial.

## I. BACKGROUND

Defendant was charged with assault with intent to do great bodily harm less than murder, MCL 750.84, and reckless driving, MCL 257.626. After finding probable cause, the district court bound defendant over to the trial court on both charges. At a pretrial hearing on February 5, 2021, defendant's then attorney announced that defendant wanted to represent himself and asked the trial court to allow the change in representation. The trial court asked defendant if that was accurate and defendant responded in the affirmative. The trial court stated it had some procedural things it needed to cover with defendant to ensure he "really" intended to represent himself, then discharged defendant's attorney. We cannot glean from the record on appeal any additional discussions the

-1-

trial court had with defendant regarding self-representation other than a pretrial hearing on March 5, 2021, during which the trial court asked defendant if it was still his intention to represent himself and defendant answered in the affirmative.[1]

At trial, defendant represented himself, but his standby counsel assisted at various points, including performing the direct examination of defendant. Defendant, the victim, and a police detective testified about the incident. On June 6, 2020, the victim was part of a protest which began dying down about the time defendant encountered the group. Defendant was on his way back to work after lunch when he noticed the protestors on the road where he was headed. Defendant slowed down and gingerly approached the group, attempting to proceed on his predetermined route. Protestors approached defendant's car and one tried to signal defendant to turn right. Defendant could not see what was down the street to the right of him because roughly 40 protestors were standing in his line of vision. Feeling apprehensive about turning right, defendant took a quick left after one of the protestors allegedly slammed his hands on the roof of defendant's car. Protestors ran after defendant's vehicle as he drove away. Once defendant made it to the end of the city block, he decided to perform a U-turn and come back toward the protestors. Defendant testified that he was planning on performing an "aggressive" U-turn near the protestors and then leaving. However, defendant came speeding up the street and when he neared the intersection, he veered into the oncoming traffic lane and skidded 3 to 4 feet before hitting the victim. He then backed up and drove away. The victim and other protestors chased after defendant. Shortly thereafter, defendant was stopped by a police officer and arrested.

Defendant maintains that he never intended to hit the victim and that the victim was running at defendant's car when the collision occurred. The victim claims he was trying to run away from the oncoming vehicle when he was struck. Concluding that defendant purposely hit the victim, the trial court found defendant guilty of both reckless driving and assault with intent to cause great bodily harm. This appeal ensued.

## II. ANALYSIS

At the outset, we note that the parties concur, and rightfully so, that the trial court erred by failing to adhere to the basic requirements succinctly set forth by our appellate courts when adjudicating whether defendants should be afforded the right to self-representation. In order to avoid future errors of this nature, we set forth the legal bases for the procedural requirements to be employed by a trial court when deciding whether to grant a motion for self-representation.

The Sixth Amendment to the Constitution of the United States implicitly guarantees a criminal defendant's right to self-representation. See *Faretta v California*, 422 US 806, 819-820; 95 S Ct 2525; 45 L Ed 2d 562 (1975). As such, a defendant can waive his or her right to counsel.

---

[1] Defendant also waived his right to a trial by jury. Additionally, at a later hearing defendant was unable to attend, the trial court noted that defendant was challenging his waiver of counsel on appeal in a different case. The trial court then stated that "in order to prevent defendant from raising a similar appeal in this case," it would assign standby counsel to assist defendant.

*Montejo v Louisiana*, 556 US 778, 786; 129 S Ct 2079; 173 L Ed 2d 955 (2009). The Michigan Constitution explicitly guarantees the right to self-representation, see Const 1963, art 1, § 13, and the Legislature also provided for the right by statute, see MCL 763.1. See *People v Williams*, 470 Mich 634, 643; 683 NW2d 597 (2004); *People v Dunigan*, 299 Mich App 579, 587; 831 NW2d 243 (2013). Under the Michigan Constitution, the right extends to appellate and trial proceedings. *People v Cross*, 30 Mich App 326, 333; 186 NW2d 398 (1971), aff'd 386 Mich 237; 191 NW2d 321 (1971).

It has been said that the right to represent oneself and the right to have counsel appointed are two faces of the same coin; the waiver of one right constitutes the assertion of the other. See *People v Dennany*, 445 Mich 412, 444; 519 NW2d 128 (1994) (opinion by GRIFFIN, J.). Accordingly, a defendant cannot logically waive or assert both rights. *Id.*

The right to self-representation is not absolute. *Indiana v Edwards*, 554 US 164, 171; 128 S Ct 2379; 171 L Ed 2d 345 (2008). Courts have established strict criteria that must be met before a criminal defendant will be allowed to waive his or her right to counsel. Before a trial court can permit a defendant to represent himself or herself, it must satisfy all the requirements stated in *People v Anderson*, 398 Mich 361, 367-368; 247 NW2d 857 (1976), and those required under MCR 6.005(D). See *People v Russell*, 471 Mich 182, 190-191; 684 NW2d 745 (2004). Moreover, when examining these factors, courts should make every reasonable presumption against waiver. *Id.* at 188.

First, the defendant must ask to represent himself, and the trial court must find that the request and waiver was unequivocal. *People v Williams*, 470 Mich 634, 642; 683 NW2d 597 (2004); *People v Odom*, 276 Mich App 407, 419; 740 NW2d 557 (2007). This requirement prevents frivolous appeals by defendants who were represented by counsel. *People v Anderson*, 398 Mich 361, 367; 247 NW2d 857 (1976). However, a defendant is not required personally to make the request; and was the case here, the defendant may do so through their attorney. See *People v Hill*, 485 Mich 912; 773 NW2d 257 (2009).

Second, the trial court must find that the defendant's assertion of the right was knowingly, intelligently, and voluntarily made. *People v Williams*, 470 Mich 634, 642; 683 NW2d 597 (2004); *People v Dunigan*, 299 Mich App 579, 587; 831 NW2d 243 (2013). The existence of a knowing and intelligent waiver of counsel depends on the particular facts and circumstances of each case. *People v Anderson*, 398 Mich 361, 370; 247 NW2d 857 (1976). The relevant circumstances include the defendant's education or sophistication, the complexity of the charge, and the stage of the proceedings. See *Iowa v Tovar*, 541 US 77, 88; 124 S Ct 1379; 158 L Ed 2d 209 (2004). Although a defendant's general competence is relevant to the determination whether he or she is knowingly and intelligently asserting the right to self-representation, see *People v Lane*, 453 Mich 132, 138 n 8; 551 NW2d 382 (1996), a defendant's legal competence is not, see *People v Dennany*, 445 Mich 412, 432; 519 NW2d 128 (1994).

The court must also make the defendant aware of the dangers and disadvantages of self-representation. *Iowa v Tovar*, 541 US 77, 88-89; 124 S Ct 1379; 158 L Ed 2d 209 (2004); *People v Williams*, 470 Mich 634, 642; 683 NW2d 597 (2004). An explanation of the risks of self-representation requires more than informing the defendant that he waives counsel at his own peril. See *People v Blunt*, 189 Mich App 643, 649-650; 473 NW2d 792 (1991). The court should explain

the special skills and training necessary to effective representation. See *People v Kimber*, 133 Mich App 184, 189; 348 NW2d 60 (1984). However, a defendant who knowingly exercises his right to defend himself need not be repeatedly pressured into relinquishing the right to self-representation. See *People v Morton*, 175 Mich App 1, 7; 437 NW2d 284 (1989), lv den 434 Mich 881, cert den 498 US 836 (1990). A defendant can be competent to stand trial with the representation of counsel and yet lack the capacity to represent himself or herself. *Indiana v Edwards*, 554 US 164, 175-176; 128 S Ct 2379; 171 L Ed 2d 345 (2008).

Third, the trial court must determine that the defendant's self-representation will not disrupt, unduly inconvenience, or burden the trial court's proceedings. *People v Williams*, 470 Mich 634, 642; 683 NW2d 597 (2004); *People v Dunigan*, 299 Mich App 579, 587; 831 NW2d 243, lv den 494 Mich 870 (2013). That trial has already begun does not preclude a defendant's assertion of his right to self-representation, *People v Anderson*, 398 Mich 361, 368; 247 NW2d 857 (1976), but the defendant is not entitled to retry the case, *Williams*, 470 Mich at 643.

Fourth, the trial court must comply with the requirements of MCR 6.005. *People v Williams*, 470 Mich at 642-643. A court may not permit an initial waiver of counsel without first advising the defendant of the charge, the maximum possible prison sentence, any mandatory minimum sentence, and the risks of self-representation, and without offering the defendant the opportunity to consult with a lawyer. MCR 6.005(D); *People v Russell*, 471 Mich 182, 190-191; 684 NW2d 745 (2004), cert den 543 US 1095 (2005). Even after a defendant has waived his right to counsel, the trial court must establish on the record that it advised the defendant of his or her continuing right to counsel and that the defendant waived that right. MCR 6.005(E); *People v Lane*, 453 Mich 132, 137; 551 NW2d 382 (1996); *People v Dennany*, 445 Mich 412, 433 n 13; 519 NW2d 128 (1994).

A trial court's failure to substantially comply with these requirements renders the defendant's waiver of counsel ineffective. *People v Russell*, 471 Mich 182, 191-192; 684 NW2d 745 (2004). Here, it is obvious that the trial court failed to substantially comply with these requirements and therefore we concur with the parties that there is no dispute that defendant's waiver of counsel was ineffective. The issue then becomes to what remedy is defendant entitled.

On appeal, defendant argues that given the confession of error in this case, he is entitled to a new trial. The prosecutor argues that confession of error does not end the analysis; asserting that the strength of the evidence against defendant was such that the trial court's error did not ultimately affect the fairness, integrity, or public reputation of the proceeding. Accordingly, the prosecutor argues, defendant is not entitled to a new trial.

While we acknowledge defendant's argument that no action needs to be taken to preserve for appeal an error concerning the waiver of counsel, we will examine the error as an unpreserved constitutional challenge for plain error affecting substantial rights.[2] *People v Carines*, 460 Mich

---

[2]We do, however, find ourselves in agreement with numerous jurists who have pointed out the inherent absurdity of preserving an effective right to self-representation claim at the trial court level.

750; 597 NW2d 130 (1999), see also, *People v Willing*, 267 Mich App 208, 219; 704 NW2d 472 (2005) because even under this heightened level of review, defendant is still entitled to the relief he seeks.

Under *Carines*, to prove plain error occurred, a defendant must show that: "1) an error occurred, 2) the error was plain, i.e., clear or obvious, 3) and the plain error affected substantial rights, i.e., prejudiced defendant by affecting the outcome of the proceedings." *Carines*, 460 Mich at 763. If defendant shows that each prong is met, this Court then must decide whether the plain error "seriously affected the fairness, integrity, or public reputation of the judicial proceedings independent of defendant's innocence." *Id*.

The first prong of the *Carines* test asks whether an error occurred. *Id*. As previously stated, both parties agree that the trial court committed an error when it neglected to follow the proper procedure before accepting defendant's "waiver" of his right to counsel. We have already laid out the requirements to be followed by the trial court and it is clear that none of the procedural safeguards were followed. Accordingly, the first prong of the *Carines* test is met because the trial court erred by not ensuring defendant's waiver of his right to counsel was proper. The second prong of the *Carines* test is also met because the trial court's failure to abide by the procedural requirements to accept a waiver of counsel was clear and obvious.

The third *Carines* prong is whether the "plain error affected substantial rights, i.e., prejudiced defendant by affecting the outcome of the proceedings." *Carines*, 460 Mich at 763. "Caselaw suggests that a plain structural error satisfies the third *Carines* prong." *People v Vaughn*, 491 Mich 642, 666; 821 NW2d 288 (2012). "The complete denial of counsel at a critical stage of a criminal proceeding is a structural error . . . ." *People v Russell*, 471 Mich 182, 194 n 29; 684 NW2d 745 (2004). Because the failure to conduct a proper waiver of counsel is a structural error, it necessarily affects defendant's substantial rights. *People v Davis*, 509 Mich 52, 77; ___ NW2d ___ (2022) (holding that the denial of a structural right necessarily affects a defendant's substantial rights).

Defendant did not have counsel at trial or sentencing, both of which are critical stages. See *Russell*, 471 Mich at 188 (holding that trial is a critical stage); see also *People v Buie*, 298 Mich App 50, 65; 825 NW2d 361 (2012) (holding that sentencing is a critical stage). Even though defendant had standby counsel at these critical stages, that did not legitimatize defendant's ineffective waiver of counsel. *Lane*, 453 Mich at 138. Therefore, the trial court committed a plain, structural error when it failed to conduct a proper waiver of defendant's right to counsel. See *Russell*, 471 Mich at 194 n 29 (holding that denial of counsel at critical stages amounts to a structural error). Accordingly, defendant's substantial rights were affected, meeting the third prong of the *Carines* test. See *Vaughn*, 491 Mich at 666 (holding that structural errors establish the third *Carines* prong).

Once each prong of the *Carines* test has been met, this Court must decide whether the plain error "seriously affected the fairness, integrity, or public reputation of the judicial proceedings independent of defendant's innocence." *Carines*, 460 Mich at 763. "Reversal is required only in the most serious cases, those in which the error contributed to the conviction of an actually innocent person or otherwise undermined the fairness and integrity of the process to such a degree that an appellate court cannot countenance that error." *People v Cain*, 498 Mich 108, 119; 869

NW2d 829 (2015). A forfeited structural error creates a rebuttable presumption that the fairness, integrity, and public reputation of the trial has been affected, but is not dispositive of the issue. *Davis*, 509 Mich at 77-78.

Here, the trial court did not inform defendant of the advantages of having counsel or the disadvantages of self-representation. See *Anderson*, 398 Mich at 368 (holding that a defendant seeking to represent himself must be made aware of the dangers of self-representation). There was nothing in the record that indicated defendant gave a knowing, intelligent, and voluntary waiver of his right to counsel. The trial court failed to do anything beyond simply asking defendant if he wanted to represent himself. See *id.* (holding that a waiver of the right to counsel must be knowing, intelligent, and voluntary). The trial court did not determine whether defendant was competent to waive his right to counsel and represent himself. See *id.* (holding that the defendant's competence is a pertinent consideration in deciding whether to accept a waiver of the right to counsel).

Additionally, "[t]he purpose of the constitutional guaranty of a right to counsel is to protect an accused from conviction resulting from his own ignorance of his legal and constitutional rights, and the guaranty would be nullified by a determination that an accused's ignorant failure to claim his rights removes the protection of the Constitution." *Johnson*, 304 US at 465. It is worth noting that the trial record makes clear that defendant's self-representation revealed that he did not have a good understanding of the charges against him or operation of the law actions severely hampered his chances of effectively defending himself. Defendant asked mostly irrelevant questions, did not develop a sound legal strategy, and did not understand the basics of courtroom procedure or the proper forms of questions that would ordinarily be employed by a competent trial counsel.

Additionally, the record does not contain any evidence that defendant was ever engaged with the prosecution in plea negotiations. The trial court's ineffective waiver was made months prior to trial, a time during which effective trial counsel would have pursued a possible plea.

While we concur with the arguments of the prosecutor that the harmless error doctrine has been applied to ineffective waivers of the right to counsel in situations where the deprivation of counsel did not "pervade the entire proceeding." *Willing*, 267 Mich App at 224, see also *Satterwhite v Texas*, 486 US 249, 257-258; 108 S Ct 1792; 100 L Ed 2d 284 (1988), (where the finding was that defendant merely failed to object to particular evidence at trial leading the Court to conclude that in such cases an appellate court may affirm if the error was harmless beyond a reasonable doubt), here, defendant was effectively deprived of counsel at every critical stage of the proceedings following his preliminary examination. The denial of defendant's right to counsel—as a structural error—presumptively establishes that the error had a serious effect on the fairness, integrity, or public reputation of the trial, and the prosecutor has not rebutted this presumption. *Davis*, 509 Mich at 77. Furthermore, to the extent the trial court may have believed that the appointment of standby counsel alleviated the harm wrought by an ineffective waiver of counsel, such belief belies holdings of our appellate courts. "The presence of standby counsel does not legitimize a waiver-of-counsel inquiry that does not comport with legal standards. The presence of standby counsel is not recognized as an exception to the *Anderson* or court rule requirements." *Lane*, 453 Mich at 138.

Further, having given due consideration to the prosecutor's assertions that the evidence against defendant was so strong as to render any error harmless, we conclude that the record does

not support this Court reaching such a conclusion.  It is impossible to gauge the amount of legally sufficient evidence introduced against defendant because without benefit of the effective assistance of counsel, there was no one who subjected evidence to the rigors of cross-examination or to the procedural safeguards of court rules and rules of evidence.  No one put the state's case against defendant through the adversarial process, hence, it is pure speculation to conclude that the evidence against defendant was so strong that this Court should find that any error was harmless.

On this record, we conclude that defendant's ineffective waiver denied him the effective assistance of counsel throughout the majority of proceedings in the trial court.  The ineffective waiver resulted in defendant not being able to pursue plea negotiations, properly introduce evidence or otherwise conduct effective trial proceedings testing the veracity of the evidence against him or even develop and argue an effective defense to the charges against him. We therefore conclude that the prosecutor has failed to rebut the presumption that the deprivation of defendant's right to the effective assistance of counsel had a serious effect on the fairness, integrity, or public reputation of the trial. Accordingly, defendant's convictions and sentences are vacated, and the case is remanded for a new trial.

Vacated and remanded.  We do not retain jurisdiction.

/s/ Sima G. Patel
/s/ Stephen L. Borrello
/s/ Douglas B. Shapiro