*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

GERALD LEE ARBUCKLE,

        Defendant-Appellant.

UNPUBLISHED
March 11, 2026
10:23 AM

No. 366332
Alpena Circuit Court
LC No. 1994-004681-FC

Before: KOROBKIN, P.J., and YATES and FEENEY, JJ.

PER CURIAM.

Defendant, Gerald Lee Arbuckle, appeals by right his April 20, 2023 judgment of sentence following resentencing as required by *People v Stovall*, 510 Mich 301; 987 NW2d 85 (2022). On appeal, defendant asserts—and the prosecution concedes—that the trial court failed to inform him of the dangers and disadvantages of proceeding without counsel, rendering his waiver of the right to the assistance of counsel ineffective. For the reasons that follow, we agree. We therefore vacate defendant's judgment of sentence and remand for resentencing.

## I. BACKGROUND AND FACTS

In 1995, defendant was convicted by a jury of second-degree murder, possession of a firearm in the commission of a felony, and possession of a short-barreled shotgun or rifle. Defendant received a sentence of life imprisonment (with the possibility of parole) for his second-degree murder conviction, two years' imprisonment for his felony-firearm conviction, and 3 to 5 years' imprisonment for his short-barreled firearm conviction. Defendant's convictions and sentence were affirmed on appeal. *People v Arbuckle*, unpublished per curiam opinion of the Court of Appeals, issued July 22, 1997 (Docket No. 187368).

In 2022, our Supreme Court held in *Stovall* that parolable life sentences for second-degree murder are unconstitutional when imposed for an offense committed by a defendant before the age of 18. *Stovall*, 510 Mich at 322. Defendant, who was 17 years old at the time of his offense, filed a motion for relief from judgment shortly after *Stovall* was decided. See MCR 6.501 *et seq*. The trial court agreed that defendant was entitled to be resentenced and convened hearings for that purpose on January 3, April 12, and April 19, 2023. Defendant ultimately received a new sentence

-1-

of 37 to 60 years for the second-degree murder conviction, two years' imprisonment for the felony-firearm conviction (to be served consecutively to the 37-year sentence), and 3 to 5 years' imprisonment for the short-barreled firearm conviction.

Our resolution of this appeal concerns the trial court's acceptance of defendant's waiver of his right to counsel. Whether defendant wanted to proceed without representation was first discussed at the January 3, 2023 resentencing hearing. After defendant's appointed attorney stated that he believed defendant intended to proceed without counsel, defendant initially confirmed that he wanted to represent himself. Soon after, however, defendant indicated uncertainty about this decision, stating, for example, that he wanted "to have [a] consultation with counsel before sentencing if appointed one." The trial court thus clarified that defendant had not made a knowing and voluntary waiver of counsel, and defendant's appointed attorney continued to represent defendant.

The April 12, 2023 resentencing hearing began with another discussion of whether defendant wished to proceed without counsel. Defendant's appointed attorney stated that he was unsure what defendant wanted to do, and defendant complained that there had been "a breakdown in communications" with his attorney, that "[t]he appointment was forced in the first place," and that he did not believe that the appointed attorney was qualified to represent him. Because defendant did not know whether the appointed attorney "ha[d] the ability to properly represent" him, defendant stated, "I guess I'm forced to proceed with representing myself." The trial court then asked defendant whether he wanted the appointed attorney to continue to represent him, to which defendant responded, "No, I'll go back and retain counsel before I do that." The trial court again asked defendant to confirm that he was "no longer in need of [the appointed attorney's] services," and defendant responded, "I've asked him to be standby counsel and he doesn't want to do that." After the trial court informed defendant that there was not funding for standby counsel, it gave defendant three options: "You can either have [the appointed attorney] as your counsel, or you can represent yourself. . . . Or you can hire your own attorney." Defendant responded, "Sure. At this point I will represent myself. Qualifications — at any time that I believe that I should further retain counsel." The court then told defendant's appointed attorney, "Well so . . . I believe that [defendant] has stated that he does not want your services. You are excused if you would like to be excused." Defendant proceeded through the rest of his resentencing hearings thereafter without counsel.

Defendant filed a motion to correct an invalid sentence, which the trial court denied. This appeal followed.

## II. STANDARD OF REVIEW

We review for clear error the trial court's factual findings surrounding a defendant's waiver of his right to counsel. *People v Russell*, 471 Mich 182, 187; 684 NW2d 745 (2004). "However, to the extent that a ruling involves an interpretation of the law or the application of a constitutional standard to uncontested facts, our review is de novo." *Id.*

## III. ANALYSIS

Defendant argues, and the prosecution concedes, that the trial court committed a structural error requiring reversal by failing to inform defendant of the dangers and disadvantages of self-representation.[1] We agree.

The Michigan Constitution and the Sixth Amendment of the United States Constitution, applicable to Michigan through the Fourteenth Amendment, protect both the right to self-representation and "[t]he right to the assistance of counsel at all critical stages of criminal proceedings for an accused facing incarceration." *People v King*, 512 Mich 1, 11; 999 NW2d 670 (2023) (citations omitted). To exercise the right to self-representation, a defendant must knowingly, voluntarily, and intelligently waive the right to counsel. *Id.*, citing *Iowa v Tovar*, 541 US 77, 87-88; 124 S Ct 1379; 158 L Ed 2d 209 (2004). And to ensure that a defendant's waiver is knowing, voluntary, and intelligent, trial courts must substantially comply with MCR 6.005(D) and the factors enunciated in *People v Anderson*, 398 Mich 361; 247 NW2d 857 (1976), before granting a defendant's request for self-representation. *King*, 512 Mich at 11, citing *Russell*, 471 Mich at 191-192.

MCR 6.005(D) obligates trial courts to advise " 'the defendant of the charge, the maximum possible prison sentence for the offense, any mandatory minimum sentence required by law, and the risk involved in self-representation' " and to offer " 'the defendant the opportunity to consult with a retained [or appointed] lawyer.' " *King*, 512 Mich at 12, quoting MCR 6.005(D). *Anderson* additionally requires trial courts to determine that: "(1) the defendant's request to represent themself is unequivocal, (2) the defendant is asserting the right knowingly, intelligently, and voluntarily after being informed of the dangers and disadvantages of self-representation, and (3) the defendant's self-representation 'will not disrupt, unduly inconvenience and burden the court and the administration of the court's business.' " *King*, 512 Mich at 11-12, quoting *Anderson*, 398 Mich at 367-368. A trial court's failure to substantially comply with these requirements results in an ineffective waiver of the right to counsel. See *Russell*, 471 Mich at 191-192.

Defendant argues, and we agree, that the trial court did not inform him of the dangers and disadvantages of self-representation and thus did not comply with the second *Anderson* requirement.[2] In ensuring that a defendant is knowingly, intelligently, and voluntarily asserting

---

[1] The prosecution concedes error in its brief, although it failed to file a formal confession of error in accordance with MCR 7.211(C)(7).

[2] Defendant also asserts that he did not unequivocally waive his right to counsel under *Anderson*'s first prong. See *Anderson*, 398 Mich at 367. We need not address this argument given that defendant is clearly entitled to relief under *Anderson*'s second prong. See *id.* at 368. Nonetheless, we note that our Supreme Court's decisions in *People v Williams*, 470 Mich 634; 683 NW2d 597 (2004), and *People v Russell*, 471 Mich 182; 684 NW2d 745 (2004), provide helpful guidance on what constitutes an unequivocal request for self-representation. In *Williams*, the defendant had initially conditioned his waiver of counsel on his ability to recall two excused witnesses for cross-examination. *Williams*, 470 Mich at 643. During the waiver-of-counsel proceeding, however, the trial court clarified that it would not permit the defendant to recall excused witnesses and asked

their right to self-representation, a trial court is required to make a defendant "aware of the dangers and disadvantages of self-representation, so that the record will establish that he knows what he is doing and his choice is made with eyes open." *Anderson*, 398 Mich at 368. Although "[t]here are no exact guidelines regarding what warnings should be given to a defendant who wishes to proceed *in pro per*," *People v Burden*, 141 Mich App 160, 163; 366 NW2d 23 (1985), we have indicated that a trial court should advise a defendant:

> (a) That self-representation is almost always unwise and that he may conduct a defense ultimately to his own detriment.
>
> (b) That he is entitled to and will receive no special indulgence by the court, and that he must follow all the technical rules of substantive law, criminal procedure and evidence in the making of motions and objections, the presentation of evidence, voir dire and argument. It should be made crystal clear that the same rules that govern an attorney will govern, control and restrict him—and that he will get no help from the judge. He will have to abide by the same rules that it took years for a lawyer to learn.
>
> (c) That the prosecution will be represented by an experienced professional counsel who, in turn, will give him no quarter because he does not happen to have the same skills and experience as the professional. In other words, from the standpoint of professional skill, training, education, experience, and ability, it will definitely not be a fair fight.
>
> (d) That he is going to receive no more library privileges than those available to any other pro per, that he will receive no extra time for preparation and that he will have no staff of investigators at his beck and call. [*People v Blunt*, 189 Mich App 643, 649-650; 473 NW2d 792 (1991) (quotation marks, ellipses, and citations omitted).]

We have found sufficient a warning of the dangers and disadvantages of self-representation when the trial court explained "that defending one's self in a criminal case is analogous to acting as one's doctor and removing one's own appendix" because "the analogy is a vivid, striking way to tell a defendant that defending one's self without professional assistance is a dangerous, unwise thing to do." *People v Morton*, 175 Mich App 1, 7; 437 NW2d 284 (1989). By contrast, we have held that a trial court's warnings that "proceeding pro se was perilous," *Blunt*, 189 Mich App at 650, and that a defendant would "be held to the same standards as an attorney who appears in

---

the defendant repeatedly whether, given this determination, he still requested to represent himself. *Id.* "Defendant unequivocally answered, 'Yes, ma'am.' " *Id.* The Supreme Court held that the defendant unequivocally asserted his right to counsel. *Id.* at 644. By contrast, the Court held in *Russell* that the defendant had not unequivocally waived his right to counsel when he sought the appointment of substitute counsel and "steadfastly rejected the option of proceeding to trial without the assistance of counsel." *Russell*, 471 Mich at 192-193. If, on remand, defendant continues to assert the right to self-representation, we caution the trial court to ensure that defendant's request to proceed without an attorney is unequivocal.

court," *People v Kimber*, 133 Mich App 184, 189; 348 NW2d 60 (1984), insufficiently explained the dangers and disadvantages of self-representation.

We need not thoroughly analyze the sufficiency of a warning of the dangers and disadvantages of self-representation here, however, because there was no such warning at all. In accepting defendant's request to proceed without counsel, the trial court did not warn defendant of the inadvisability of this decision, of defendant's need to comply with technical legal and procedural rules, nor of any other conceivable disadvantage of representing oneself. Upon hearing defendant's election of self-representation from the presented options of proceeding with appointed counsel, self-representation, or retaining an attorney, the trial court immediately told defendant's appointed attorney, "Well so . . . I believe that [defendant] has stated that he does not want your services. You are excused if you would like to be excused." The trial court thus simply granted defendant's request without assuring itself that defendant was asserting this right knowingly, intelligently, and voluntarily. Defendant hence ineffectively waived his right to counsel. See *Russell*, 471 Mich at 191-192; *Blunt*, 189 Mich App at 650.

A "complete deprivation of the right to counsel at a critical stage of a criminal proceeding is a structural error requiring automatic reversal." *People v Willing*, 267 Mich App 208, 224; 704 NW2d 472 (2005) (citations omitted). Because defendant proceeded without counsel through the remainder of his resentencing proceedings, a critical stage of criminal proceedings, defendant's invalid waiver requires that he be resentenced. See *People v Arnold*, 477 Mich 852; 720 NW2d 740 (2006) (calling sentencing "a critical stage" of criminal proceedings), citing *People v Pubrat*, 451 Mich 589, 594; 548 NW2d 595 (1996). We therefore vacate defendant's sentence and remand for resentencing.[3]

## IV. CONCLUSION

For the foregoing reasons, the judgment of the trial court is vacated, and the case is remanded for resentencing consistent with this opinion. We do not retain jurisdiction.

/s/ Daniel S. Korobkin
/s/ Christopher P. Yates
/s/ Kathleen A. Feeney

---

[3] Because we remand for resentencing, we decline to address defendant's other issues raised on appeal.