*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

DESHON ANTWAN THOMAS,

Defendant-Appellant.

UNPUBLISHED
August 17, 2023

No. 360889
Ionia Circuit Court
LC No. 2020-018185-FH

Before: YATES, P.J., and BORRELLO and PATEL, JJ.

PER CURIAM.

While he was imprisoned, defendant, Deshon Antwan Thomas, threw crumpled papers that contained marijuana through a prison fence. Almost immediately, a nearby prison guard who saw the event retrieved the papers. Defendant thereafter was charged and convicted by jury verdict for being a prisoner in possession of contraband, MCL 800.281(4). On appeal, defendant challenges the trial court's denial of his pretrial request to represent himself and the admission of identification testimony at trial. Defendant also contends that he received ineffective assistance of counsel. We affirm defendant's conviction.

## I. FACTUAL BACKGROUND

In 2020, defendant was incarcerated at the Michigan Reformatory. Michigan Department of Corrections (MDOC) Officer Eleazar Abbott was stationed on the second floor when he heard a group of inmates shouting in the yard. Officer Abbott looked out the window and saw a person step away from the group and throw an object through a hole in a fence. Officer Abbott was about 40 yards from the individual. Officer Abbott retrieved the item and saw that it consisted of several folded pieces of paper with a green, leafy substance—subsequently determined to be marijuana— in the papers. The inmate who threw the papers remained near the fence and was approximately 15 feet away looking at Officer Abbott when the officer retrieved the papers, but Officer Abbott was not familiar with the inmate.

Officer Abbott told his supervisor, Sergeant An'Tion Aikins, about the incident. Sergeant Aikins reviewed surveillance footage of the incident and promptly identified the inmate who threw the marijuana as defendant. Next, Sergeant Aikins obtained a photograph of defendant from the

MDOC's records and showed the photograph to Officer Abbott, who confirmed that the person in the photograph was the man who threw the papers through the fence. Defendant was convicted at trial of being a prisoner in possession of contraband, and then he filed this appeal of right.

## II. LEGAL ANALYSIS

On appeal, defendant challenges the trial court's denial of his request to represent himself. Defendant also argues that the trial court erred by admitting Officer Abbott's in-court identification testimony as well as testimony about Officer Abbott's pretrial identification of defendant because that identification testimony was tainted by an unnecessarily suggestive identification procedure. Finally, defendant insists that his defense attorney was ineffective for failing to contest the pretrial identification. We shall address these three issues in turn.

## A. REQUEST FOR SELF-REPRESENTATION

Defendant claims that he unequivocally asserted his right to represent himself, but the trial court erred by denying his request for self-representation because the request was not unequivocal. A trial court's factual findings concerning the waiver of the Sixth Amendment right to counsel are reviewed for clear error, but its interpretation of the law is reviewed de novo. *People v Williams*, 470 Mich 634, 640; 683 NW2d 597 (2004). "Clear error exists when the reviewing court is left with a definite and firm conviction that a mistake was made." *People v Caddell*, 332 Mich App 27, 41; 955 NW2d 488 (2020) (quotation marks and citation omitted).

The right of self-representation is guaranteed under the Michigan Constitution, Const 1963, art 1, § 13, and protected by statute, MCL 763.1. *People v Dunigan*, 299 Mich App 579, 587; 831 NW2d 243 (2013). Also, the right of self-representation is "implicitly guaranteed by the Sixth Amendment of the United States Constitution." *Id*. "[T]he right to counsel and the right of self-representation are both fundamental constitutional rights," but representation by defense counsel, "as guarantor of a fair trial, 'is the standard, not the exception,' in the absence of a proper waiver." *People v Russell*, 471 Mich 182, 189-190; 684 NW2d 745 (2004). A defendant must satisfy three requirements in order to invoke the right of self-representation. *Dunigan*, 299 Mich App at 587. First, the defendant "must make an unequivocal request to represent himself[.]" *Id*. Second, "the trial court must determine that the choice to proceed without counsel is knowing, intelligent, and voluntary[.]" *Id*. Third, "the trial court must 'determine that the defendant's acting as his own counsel will not disrupt, unduly inconvenience and burden the court and the administration of the court's business.' " *Id*.

The requirement of a defendant's unequivocal request for self-representation is a bit murky because the legal precedent on what constitutes an "unequivocal request" for self-representation is not entirely clear. In a plurality opinion, our Supreme Court stated that a request to proceed "with standby counsel . . . can never be deemed to be an unequivocal assertion of the defendant's rights." *People v Dennany*, 445 Mich 412, 446; 519 NW2d 128 (1994). Our Supreme Court noted that the requirement of an unequivocal request compels the defendant to choose between representation by counsel and self-representation, foreclosing the defendant from vacillating between wishing to be represented by counsel and wishing to represent himself. *Id*. at 444. It also "acts as a backstop for the defendant's right to counsel, by ensuring that the defendant does not inadvertently waive that

right through occasional musing on the benefits of self-representation[.]" *Id*. (quotation marks and citation omitted).

But this Court declined to embrace the plurality opinion in *Dennany*, noting that a plurality opinion is not binding authority. *People v Hicks*, 259 Mich App 518, 528; 675 NW2d 599 (2003) abrogated in part on other grounds by *People v Jones*, 494 Mich 880 (2013). In *Hicks*, this Court decided that "a request for self-representation can be accompanied by a request for standby counsel and maintain its unequivocal nature." *Id*. at 528. We noted that "a trial court may validly consider that a defendant has requested standby counsel when deciding whether a defendant's request for self-representation is unequivocal." *Id*. at 530 n 4. But we emphasized the deference that should be given to the trial court's ruling in determining the impact that a request for standby counsel had on the nature of the request for self-representation. "Inherent in the trial court's ability to evaluate a waiver of counsel is the ability to determine whether the defendant is vacillating in his choice or merely requesting that which . . . will likely be granted to the defendant anyway." *Id*. at 529.

If the trial court determines that the defendant unequivocally requested self-representation, the trial court must then decide "whether defendant is asserting his right knowingly, intelligently and voluntarily." *People v Anderson*, 398 Mich 361, 368; 247 NW2d 857 (1976). "The third and final requirement is that the trial judge determine that the defendant's acting as his own counsel will not disrupt, unduly inconvenience and burden the court and the administration of the court's business." *Id*. "[T]his Court abides by the general principle that a trial court should indulge every reasonable presumption against waiver" of the right to counsel. *Williams*, 470 Mich at 656.

Here, the trial court denied defendant's request to represent himself after it determined that defendant had not made the request unequivocally. Although there are aspects of the lower-court record that suggest that defendant made an unequivocal request to represent himself, when viewed as a whole, the record establishes that the trial court did not commit clear error when it found that defendant did not make an unequivocal request. Defendant filed a motion entitled "Defendant's Motion to Allow Self-Representation" in which he explained that he "ha[d] requested to represent himself and is requesting the [trial court] to recognize his Sixth Amendment assertion of his right of self-representation . . . ." Additionally, the trial court opened the motion hearing by asking defendant's counsel if it was correct that defendant "would like to represent himself," and defense counsel confirmed that to be correct. Defense counsel went on to state that defendant "has asserted his right under the Sixth Amendment to represent himself."

Although these factors support the contention that defendant made an unequivocal request to represent himself, other factors must be considered. In defendant's motion, he asked the trial court to determine "whether the Ionia County Public Defender Office is withdrawn from all future legal representation for Defendant, or whether they remain as stand-by counsel for the Defendant for all future court proceedings." At the motion hearing, after the trial court warned defendant of the difficulties with self-representation, defendant stated that he understood, "[b]ut because of the circumstances, I feel that it would be best to have a legal advisor." Defendant commented that he felt that was his best option because of communication issues with his defense attorney. When the trial court explained to defendant that his request had to be unequivocal, defendant responded by stating:

Well, like I said, I'm only trying to adapt to the circumstances, and the circumstances put me in this position.

Like right now, I was transferred. I'm getting over the coronavirus. I just got over the coronavirus. I'm transferred to a new facility. I don't even have my property yet. So I can't research the law, get case law to effectively represent myself right now.

Everything is in shambles, and I'm just trying to adapt to the circumstances and make sure that I have the best possible advantage, or at least, you know, a fair hearing. And to this point, I don't feel that it has been fair, because I couldn't communicate with my attorney properly.

The trial court responded to defendant's statements by observing that it did not think that was "the type of unequivocal position that the law is looking for, in terms of authorizing you to represent yourself." Accordingly, the trial court denied defendant's motion for self-representation.

Even though aspects of defendant's request seem unequivocal, the trial court did not clearly err when it found that defendant's request was not unequivocal. Specifically, defendant's request for a legal advisor, coupled with his comments that he was not able to effectively represent himself at that time, forced the trial court to confront defendant's conflicting impulses. Faced with words of vacillation from defendant, the trial court did not cleary err in finding that defendant had failed to provide an unequivocal waiver of his right to counsel. Although this Court has rejected a strict rule that a request for standby counsel renders a request for self-representation equivocal, such a request for standby counsel remains a valid consideration for the trial court. *Hicks*, 259 Mich App at 528-529, 530 n 4. Given the deference afforded to the trial court in its analysis, see *id*. at 529, 530, the trial court did not clearly err by finding that defendant's request was not unequivocal.

## B. IDENTIFICATION PROCEDURE

Defendant next faults Sergeant Aikins's presentation of an individual photograph to Officer Abbott as unnecessarily suggestive and "conducive to mistaken identification." Defendant insists that there was no reason why an array including photographs of several men could not have been presented to Officer Abbott. During trial, Officer Abbott testified about his pretrial identification of defendant as the perpetrator and also made an in-court identification of defendant. Defendant challenges the admission of the pretrial identification and the in-court identification. Defendant also contends that this error was not harmless because there was no independent basis for Officer Abbott's identification of defendant. We review the trial court's decision to admit evidence for an abuse of discretion. See *People v Sharpe*, 502 Mich 313, 323; 918 NW2d 504 (2018). "An abuse of discretion occurs when the trial court's decision falls outside the range of principled outcomes." *Id*. at 324. Any underlying questions of law are reviewed de novo. *Id*.

Defendant insists the trial court erred in admitting testimony about Officer Abbott's pretrial identification of defendant based upon one photograph. "Due process protects criminal defendants against 'the introduction of evidence of, or tainted by, unreliable pretrial identifications obtained through unnecessarily suggestive procedures.' " *People v Sammons*, 505 Mich 31, 41; 949 NW2d 36 (2020). The "[e]xclusion of evidence of an identification is required when (1) the identification

-4-

procedure was suggestive, (2) the suggestive nature of the procedure was unnecessary, and (3) the identification was unreliable." *Id*. Identification procedures in which the witness is shown a single suspect to identify are inherently suggestive. *Id*. at 41-42. As our Supreme Court has decreed, all that is necessary to "conclude that the procedure was suggestive is that defendant was shown singly to the witness." *Id*. at 44. To determine whether an identification is reliable, we apply the factors from *Neil v Biggers*, 409 US 188; 93 S Ct 375; 34 L Ed 2d 401 (1972). See *Sammons*, 505 Mich at 50. Those factors are "(1) the opportunity of the witness to view the criminal at the time of the crime, (2) the witness' degree of attention, (3) the accuracy of his prior description of the criminal, (4) the level of certainty demonstrated at the confrontation, and (5) the time between the crime and the confrontation." *Id*. at 50-51 (quotation marks omitted).

Here, showing Officer Abbott a single photograph was plainly suggestive. In addition, the suggestive nature of the procedure was not necessary. See *id*. at 41. A suggestive procedure may be necessary under certain circumstances, see *id*. at 47-48, but nothing in the record indicates that any circumstances here necessitated using a one-photograph identification procedure instead of an array of photographs. Nevertheless, the identification procedure was not so suggestive that it led to a substantial likelihood of misidentification. See *id*. at 50-51. Officer Abbott had a clear view of defendant within minutes of the incident from about 15 feet away while defendant was looking at him. Officer Abbott's attention was on defendant as the officer retrieved the papers. Beyond that, the photographic identification occurred within an hour of the incident. The record does not indicate that Officer Abbott offered a prior description of the individual and there was no testimony about his level of certainty during the pretrial identification. Under the circumstances, the single-photograph identification procedure did not create a substantial likelihood of misidentification, so the trial court did not abuse its discretion in admitting testimony about the pretrial identification.

Defendant next asserts that the trial court erred when it admitted Officer Abbott's in-court identification testimony. When considering the admission of an in-court identification in a case in which the witness participated in a suggestive pretrial identification, the focus is on whether there was an independent basis for the in-court identification beyond the pretrial identification. *People v Kachar*, 400 Mich 78, 92; 252 NW2d 807 (1977). Despite the suggestive nature of the pretrial identification procedure in this case, the trial court did not abuse its discretion by admitting Officer Abbott's in-court identification because he had an independent basis for the identification. Officer Abbott's opportunity to observe the perpetrator was ideal, and it occurred when neither the nature of the alleged crime nor the physical and psychological state of the officer could have distorted his perceptions.[1] See *id*. at 95-96.

Even if the in-court identification was unnecessarily suggestive and unreliable, admission of the identification testimony was harmless beyond a reasonable doubt. See *Sammons*, 505 Mich at 56. This inquiry requires us to "determine the probable effect of that testimony on the minds of

---

[1] Because there was a pretrial identification in this case that preceded the in-court identification of defendant, this case is not affected by our Supreme Court's recent decision in *People v Posey*, ___ Mich ___; ___ NW2d ___ (2023). The *Posey* case was "unique" because, "[u]nlike in prior cases, the witness who identified defendant at trial did not identify defendant before trial; the witness's first recorded identification of defendant . . . occurred at trial." *Id*. at ___; slip op at 2-3.

an average jury." *Id*. (quotation marks and citation omitted). "Reversal is required if the average jury would have found the prosecution's case significantly less persuasive without the erroneously admitted testimony." *Id*. (quotation marks and citation omitted). At trial, Officer Abbott was not the only witness to identify defendant as the individual who threw the papers through the fence. Sergeant Aikins testified that, upon watching the video of the incident, he immediately recognized the perpetrator as defendant and he had no doubt about the accuracy of that identification. Sergeant Aikins testified that he was familiar with defendant because he interacted with him at least "every couple days." Given that Officer Abbott's identification of defendant was cumulative to Sergeant Aikins's identification, the prosecution's case would not have been "significantly less persuasive" without Officer Abbott's identification testimony. See *id*.; see also *People v Solomon*, 220 Mich App 527, 531; 560 NW2d 651 (1996) (holding that admission of an in-court identification that had "reliability concerns" was harmless beyond a reasonable doubt because that identification evidence was cumulative to other evidence, including other identification evidence). Thus, defendant has not demonstrated that the trial court committed reversible error when it admitted Officer Abbott's identification testimony.

## C. INEFFECTIVE ASSISTANCE OF COUNSEL

Finally, defendant argues that defense counsel provided ineffective assistance by failing to move for suppression of the "suggestive identification" and failing to challenge the "questionable pretrial identification." Whether a defendant has been deprived of effective assistance of counsel presents a mixed question of fact and constitutional law. *People v LeBlanc*, 465 Mich 575, 579; 640 NW2d 246 (2002). The trial court's factual findings are reviewed only for clear error, but its constitutional determinations are reviewed de novo. *Id*. "Clear error exists when the reviewing court is left with the definite and firm conviction that a mistake has been made." *People v Anderson*, 284 Mich App 11, 13; 772 NW2d 792 (2009) (quotation marks and citation omitted). If (as in this case) no hearing has been held under *Ginther*,[2] our review is limited to errors that are apparent on the record. *People v Payne*, 285 Mich App 181, 188; 774 NW2d 714 (2009).

"[T]o obtain a new trial, a defendant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) but for counsel's deficient performance, there is a reasonable probability that the outcome would have been different." *People v Trakhtenberg*, 493 Mich 38, 51; 826 NW2d 136 (2012). Effective assistance is presumed, and the defendant bears a heavy burden to prove otherwise. *People v Rockey*, 237 Mich App 74, 76; 601 NW2d 887 (1999). "Failing to advance a meritless argument or raise a futile objection does not constitute ineffective assistance of counsel." *People v Ericksen*, 288 Mich App 192, 201; 793 NW2d 120 (2010).

We have already explained that the trial court did not abuse its discretion in the admission of Officer Abbott's identification testimony. Therefore, any objection would have been futile, and defense counsel is not required to make meritless arguments. *Id*. Moreover, even if it was error to admit that testimony and defense counsel's failure to object to the admission of that testimony fell below an objective standard of reasonableness, there is no reasonable probability that the trial's outcome would have been different had defense counsel objected. The identification testimony of

---

[2] *People v Ginther*, 390 Mich 436; 212 NW2d 922 (1973).

-6-

Officer Abbott was cumulative to the identification testimony of Sergeant Aikins, who was quite familiar with defendant and exhibited a high degree of certainty in his belief that defendant was the man who threw the papers through the fence. Accordingly, defendant has not established that defense counsel was ineffective or that defendant was prejudiced by any deficient performance.

Affirmed.

/s/ Christopher P. Yates
/s/ Stephen L. Borrello
/s/ Sima G. Patel